# Cox *v.* Lewis, *et al.*

### Bill to Quiet Title.

(Decided Feb. 10. 1910.—51 South. 618.)

1. *Appeal and Error; Harmless Error; Pleadings.*—Where the decree rendered conforms strictly to a decree responding to a bill to quiet title drawn within the letter of the statute and adjudged only that the defendant had no right, title or claim in and to the lands described in the bill, no error intervened in overruling demurrers to the bill, if it be assumed that the bill sought relief beyond that possible under a statutory bill to quiet title.

2. *Judgment; Res Adjudicata.*—Persons not parties to a proceeding and not claiming under any of the parties thereto, cannot be prejudiced in their rights or titles by such proceeding, whatever the evidential admissibility and value of the court record may have been as a link in a party's chain of title.

APPEAL from Pickens Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by Mrs. I. B. Lewis and others against E. E. Cox, to quiet title to land. Decree for complainants and respondents appeal. Affirmed.

S. L. & E. E. Cox, for appellant.—In an action of this character neither party is entitled to any final relief beyond a determination of the status of the title between them.—*Interstate B. & L. Assn. v. Stocks,* 124 Ala. 109. Proof must show a peaceable possession, as against a contested, disputed or scrambling possession. —*Ladd v. Powell* 39 South. 46; *Randall v. Daughdrill, et al.,* 39 South. 163. Actual possession was shown in the respondent.—*Brand v. U. S. C. Co.,* 128 Ala. 579. The record of the former action was conclusive.—23 Cyc. 1542; 23 Cyc. 1287; Id. 1408; Sec. 4002, Code 1907.

I. R. HINTON, for appellee.—Mrs. Lewis held adversely for a sufficient length of time to entitle her to relief.—Sec. 2830, Code 1907; *Zundee v. Baldwin,* 114 Ala. 328; *Smith, et al. v. Keyser,* 115 Ala. 455; *Wood v. Montevallo C. & T. Co.,* 84 Ala. 550; *Burkes v. Mitchell,* 78 Ala. 61. She was entitled to maintain a bill to remove the cloud.—*Tarrant v. Mobile,* 101 Ala. 163; *Echols v. Hubbard,* 90 Ala. 309.

McCLELLAN, J.—If it is assumed that the bill's prayer sought relief beyond that possible under a statutory bill to quiet title to real estate (Code, § 5443 et seq.), and that without averring facts sufficient to justify the extended relief prayed, no prejudicial error attended the overruling of the demurrers to the bill (if they took the point indicated), since the court's decree in the premises conformed strictly, in nature and effect, to a decree responding to a bill drawn within the let-

ter of the statutes cited. It adjudged only that the defendant had no right, title, interest, or claim in or to the lands described in the bill.

The evidence is plenary that the widow and heirs at law of Norris A. Lewis, viz., the complainants, had the peaceable possession of this woodland at the time this bill was filed, exercising such acts of possession and ownership as it, in its state, permitted; that they claimed to own the land; and that Norris A. Lewis had so claimed to own the land and exercised the like, to those stated, acts indicative of possession and ownership. This state of claim and possession, by Lewis and his successors in right, covered a period of more than 10 years. Otherwise, it was shown that the predecessors in right and title of Lewis had had the possession of the land since 1883. The defendant sought to trace his title and right to the land through a chancery sale, in the enforcement of a vendor's lien, about 1877, the result of a bill exhibited by Mustin and others against Acker and others. Mrs. Williams and Mrs. Stansel bought at the sale, and latterly they conveyed their respective half interests to E. E. Cox, the defendant. The land in question was described in those proceedings.

There was much evidence leading to the conclusion that the land here involved was erroneously included in the chancery cause mentioned. However that may be, it is clear that defendant was without his right in or title to the land, if complainants and their predecessors had perfected their title to the land by adverse possession under color of title, of which last-stated fact there can be no doubt on this record. The evidence justified fully the conclusion of the chancellor that such was the fact. Furthermore, one of the issues of fact was whether the 40 acres described in the bill was a part of the Acker place, or of the Lewis place. The evidence af-

[Stallworth, et al. v. Roberts, et al.]

forded ample basis for a conclusion that it was no part of the Acker place, but was a part of the Lewis place. If not a part of the Acker place, the claim of the defendant to the land described in the bill could not prevail. He had, in that event, no claim to it. It need hardly be said that, whatever the evidential admissibility and value of a court record affording a link in a party's claim of title, persons not parties to that proceeding, and claiming under none who were parties thereto, cannot be prejudiced in their rights or titles thereby.

We discover no prejudicial error in the record. The decree is therefore affirmed.

Affirmed.

DOWDELL, C. J., and SAYRE and EVANS, JJ., concur.