73 So.2d 923

**O. O. TILLEY**

**v.**

**J. R. TUCKER.**

**6 Div. 653.**

Supreme Court of Alabama.

Aug. 30, 1954.

288

Robt. A. Sapp, Cullman, for appellant.

Jack C. Riley and Finis E. St. John, Cullman, for appellee.

STAKELY, Justice.

This suit involves the establishment of a disputed boundary line between coterminous owners. The action was instituted by O. O. Tilley (appellant) against J. R. Tucker (appellee). The case was tried orally before the court, resulting in a decree fixing the boundary at the line contended for by the respondent. The appeal is from that decree.

I. Error is predicated on the action of the court in sustaining demurrer to what is termed that aspect of the bill which seeks a survey of the lands by a competent surveyor. We do not consider that the allegations of the bill which seek the appointment of a surveyor constitute an aspect of the bill. The appointment of a surveyor by the court is purely incidental to the only purpose of the bill which is the establishment of a boundary line which is alleged to be in dispute between coterminous owners. See Smith-Howard Gin Co. v. Ogletree, 251 Ala. 366, 37 So.2d 507. Later in the case the complainant made a motion for a survey by a competent surveyor appointed by the court. It was agreed that the motion would be considered by the court when the court considered the case on the merits. The court overruled the

motion, pointing out that a survey would not be beneficial in deciding the issues in the case. Failure of the court to appoint a surveyor is not error since the statute authorizing such appointment is directory only. Redden v. Otwell, 252 Ala. 653, 42 So.2d 454; Whitlow v. Moore, 246 Ala. 472, 21 So.2d 253. Under all the circumstances if there was any error in the action of the court in sustaining the demurrer as we have related, it was error without injury. Hunter v. Taylor, 189 Ala. 104, 66 So. 671; Cox v. Lewis, 165 Ala. 157, 51 So. 618.

II. The evidence has been carefully considered but need not be set out in detail. The land in question is woodland, the land owned by the respondent Tucker being east of the land owned by Tilley. The parties and their predecessors in title marked the boundary line between the respective properties with a fence over a period of several decades. There appears to have been at least three such fences. According to tendencies of the evidence, since 1938 the respondent Tucker has been in the actual, open, notorious, continuous, hostile, exclusive adverse possession of the land under color of title, claiming it as his own and has paid the taxes thereon.

Shortly before this suit was instituted the respondent built a new fence at the place where he contends the old line fences were located. It is the contention of the complainant that the new fence was built a few feet west of the true line, thus enclosing a part of complainant's land. It appears that a fence has been recognized as the true line in the past at all times each party claiming the land on his side up to the fence as his own and it is also agreed that a spring was located near the line many years ago and that it was a short distance over on the land owned by the respondent, but that the owner of complainant's land had water rights to the spring with the result that the boundary fence made a curve at the spring, so as to leave the spring on the side of the fence owned by the complainant's predeces-

sors in title. The length of the boundary line is about 127 yards and the land on both sides has been and still is used for pasture purposes.

This court has held that adverse possession is available in a land line dispute in equity and whether possession to a given location is adverse, is one of intention. Branyon v. Kirk, 238 Ala. 321, 191 So. 345; Millican v. Mintz, 255 Ala. 569, 52 So.2d 207; Barbaree v. Flowers, 239 Ala. 510, 196 So. 111.

Upon a consideration of the evidence the lower court was of the opinion that the true dividing line between the lands of the parties was marked by the old fence which was replaced by the fence constructed by the respondent a short time prior to the institution of this suit. The court was of the opinion that the last built fence was placed approximately on the location of the old fence which marked the true line and that the new fence is not constructed upon the lands of the complainant and that where in some places it does not coincide with the location of the old fence, the complainant actually gained a few feet in the location of the new fence, it being the purpose in building the new fence to straighten the line. There were a number of witnesses who testified in the case as to the location of the old fence, some of these witnesses testifying as to the location of the old fence even prior to World War I.

We consider that the evidence fully sustains the finding of the lower court and since the witnesses testified before him orally, we indulge the usual presumption in such a situation. Spradling v. May, 259 Ala. 10, 65 So.2d 494; Johnson v. Johnson, 259 Ala. 550, 67 So.2d 841.

The decree of the lower court should be upheld and it is accordingly affirmed.

Affirmed.

LAWSON, SIMPSON and MERRILL, JJ., concur.