264 So.2d 182

**M. P. ALLDREDGE**

v.

**Hershel ALLDREDGE and Virginia Alldredge.**

**6 Div. 895.**

Supreme Court of Alabama.

June 29, 1972.

Nash, NeSmith & Walker, Oneonta, for appellees.

------◆------

J. E. Bains, and Jack Martin Bains, Oneonta, for appellant.

·PER CURIAM.

Appeal by complainant from a final decree of the Blount County Circuit Court, in Equity, denying specific performance of an alleged contract to purchase 2.5 acres, with improvements thereon, lying and situated in Blount County, Alabama.

The Bill of Complaint described the land and sets out, in detail, the complainant's alleged transactions with the respondents relating to subject matter.

Five exhibits were attached to the bill.

Respondent's demurrer, directed to the sufficiency of the Bill of Complaint, was overruled.

An answer to the Bill of Complaint put the case at issue and the same was submitted for final decree after an oral hearing before the court.

Thereafter the court entered and filed the following decree:

"DECREE

"This case is submitted for final decree after an oral hearing before the court.

"The Court finds that the alleged contract is too indefinite and vague for a Court of Equity to decree specific performance, the written letters and other memorandum are certainly too incomplete to establish a clear and certain contract in all details, and the parol evidence connected therewith is in hopeless conflict.

"During the hearing neither side made efforts to adjust the equities between the parties. Some evidence tended to show that the amount paid by the Complainant would be about the rental value of the property while he has been the [sic] possession, but the Court makes no finding to that effect.

"The case having been tried on the sole issue as to whether or not the Complainant is entitled to a decree for specific performance of the contract he contends for, and the Court finding as set forth above,

"It is therefore Ordered, Adjedged [sic], and Decreed by the Court that relief be and is denied to the Complainant: that the bill of Complainant [sic] is dismissed: and that the Complainant be and is taxed with the xost [sic] of this case, for which execution may issue.

"This the 30th day of April, 1971.

"L. P. WAID, JUDGE
Judge 30 Judicial Circuit

"Filed in this office on May 4th, 1971. ADELINE D. WALKER, REGISTER OF CIRCUIT COURT IN EQUITY. BLOUNT COUNTY."

A motion for rehearing was filed by complainant reading as follows:

"REQUEST FOR REHEARING OF DECREE

"TO THE HONORABLE L. P. WAID, JUDGE OF SIAD [sic] COURT:

"Comes the Complainant, M. P. Alldredge, and applies for a rehearing of the decree and order entered in the above styled cause dated April 20th 1971, and filed May 4th, 1971 and, as basis for such application, respectfully shows unto the Court and your Honor as follows:

"1. The Decree states, 'The case having been tried on the sole issue as to whether or not the Complainant is intitled [sic] to a decree for specific performance of the contract he contends for, ————.'

"2. Paragraph No. 10 of the Bill of Complaint clearly states: Complainant has paid the entire agreed price for said property and was given possession of same.

"3. The Bill of Complaint contained the General Prayer for Relief as follows: 'Complainant prays for such other, further and different relief as may seem meet, or the circumstances may re-

quire, to which in Equity he may be entitled'.

"4. The undisputed testimony is that Virginia Alldredge, at the direction of her husband, Hershel Alldredge, worte [sic] M. P. Alldredge offering him the place in question for $5000.00 [sic].

"5. The undisputed testimony, supported by the receipt signed by Virginia Alldredge and by Hershel Alldredge for a total of $5000.00 [sic] for 'Place', reveals that M. P. Alldredge paid to the Respondents the entire price stated in their letter to him as the amount they would sell him the place for.

"6. The undisputed testimony is that M. P. Alldredge paid the entire purchase price mentioned in the letter to him offering to him the place for $5000.00 [sic].

"7. The undisputed testimony is that M. P. Alldredge was given possession of the lands in question and remained in possession of same for approximately one year before this action was begun.

"8. The Court cannot re-make a contract between Parties, nor an aggrement [sic] made by one and acted upon by the other. 'As a general rule, anything of value to the vendor or of detriment to the purchaser is a sufficient consideration to support the vendor's agreement to sell and convey'.

"WHEREFORE, Complainant, M. P. Alldredge, insists that the Decree entered in this case should be vacated and a Decree entered decreeing that he is the owner of the lands in question. (See attachments)

"Attorney for Complainant
"J. E. Bains

"Copy to Mr. Carl D. NeSmith, Attorney for Respondents.

"Filed in office 31 day of May, 1971. Adeline Walker Register, Circuit Court in Equity"

This motion was thereafter overruled and denied as per separate decree:

"DECREE

"The motion of the Complainant for a rehearing and requesting that the decree previously entered by [sic] vacated, coming on to be heard, and the same being understood and upon consideration thereof, it is ordered, adjudged and decreed by the Court that said motion be and it hereby is over-ruled and denied

This the 17th day of June, 1971.

"L. P. Waid
"Judge 30th Judicial Circuit

"Filed in office 18th day of June, 1971. Adeline D. Walker Register, Circuit Court in Equity"

This appeal followed.

The complainant was the father of the respondent Hershel Alldredge. He had separated from his wife, remarried and was living in Florida.

A letter, complainant's Exhibit A, written by respondent Virginia Alldredge contained the following:

" * * * Hershel wanted me to write his dady [sic] and tell him if he wanted that place he could have it for Harry Lartie is riding him for some money, and our income check has not come in yet. He siad [sic] if he wanted it and could send him $500 are [sic] what he could it would be yours. We do not want to lose it, so if you want it let us know something this week. It could be made a pretty home. * * *."

The other portion of the letter dealt with family and neighborhood news. This letter was undated and unsigned.

Later a second letter (Complainant's Exhibit #1) was written by respondent Virginia Alldredge, undated but signed by her, "Jimmie, Hershel & Boys". The letter contained the following:

"* * * Grandady [sic], we got the money, so we have put $350.00 on it, and it is pay [sic] up to date, it sure did help us out of a tight, Hershel, said tell you he had Insurance on it and he would leave everthing like it is now until you all come back up here, he said you could send as much as you could along and he would put it on it. You keep up with it to [sic]. * * *."

The other part of the letter contained family news.

Complainant's Exhibit #2 was a receipt signed by respondent Hershel Alldredge as follows:

"M. P. ALLDREDGE PAID $400.50 dollars on place to Hershel Alldredge and Virginia Alldredge. $50.00 paid Sept. 1, 1968.

"[Dated] June 14, 1968

"[Signed] Hershel Alldredge"

Complainant's Exhibit #3 was a Western Union Telegraph Co. money order receipt showing payment of $250.00, plus charges and tolls of $5.65 to respondent Hershel Alldredge by M. P. Alldredge. The date of this transaction is not shown, but respondent indicated it was in April of 1968.

Complainant's Exhibit #4 shows a warranty deed conveying the property to the respondents, the grantor being his brother, Ralph.

It appears that respondents did not live on this property. When respondents' mother moved out, it became vacant. During the vacancy "the house had been tore up on the inside". "Someone had broken in and tore it up", according to respondent Mrs. Alldredge. Respondent Hershel Alldredge testified: "Somebody went in there and tore all the wiring out of the house, all the doors, stole screens off the windows, and I went down there in September and told him [father] about it and he said, 'Well, I don't want it, wouldn't have it under no circumstances'. He said, 'All I want is my money back.'" The witness also testified: "I paid him every penny of that back." The complainant denied that he had been repaid.

Both respondents testified that they worked to repair the damage to the house.

There was one, possibly two, mortgages on this property, given by respondents to secure loans from a local bank, approximately $3,000.00. Respondent Hershel testified that his father knew the property in dispute was mortgaged.

Finally, the circumstances and basis of complainant's taking possession of the property is another area of dispute. The father said: "I moved in the house that I bought and he gave me the keys." The explanation by the son, Hershel, was that his father, returning from Florida wanted the key, "Where he could get in the house for a few days, until he found a house * * *."

Later, after Hershel (son) traded with a third party for a sale of the property, a request to his father to vacate and deliver possession was refused. The son then filed an action in unlawful detainer against him. Thereafter the present litigation was instituted.

There are eight assignments of error. Assignment of Error No. 1:

"The Honorable Circuit Court erred in not following the law in the final decree rendered April 30, 1971. (Record P. 10.)"

Assignment of Error No. 2:

"The Honorable Circuit Court erred in refusing to follow the law in the final decree, viz, When a party pays part or all of the purchase price for land and is placed in possession by the owner that party is entitled to a deed to said land (Record P. 10) (Exhibits)· (R. 17–38)."

We do not find any pronouncement of legal principles in the final decree. Demurrers to the bill were overruled. This was a legal adjudication that the neces-

sary averments of fact were contained in the bill, which, if proven would entitle the complainant to specific performance of the contract. The court concluded in its final decree that the proof was insufficient to support the allegations of the bill.

"Where trial court makes a decree after hearing witnesses ore tenus, every presumption will be indulged in favor of trial court, and its findings will not be disturbed unless palpably wrong." Fuller v. Blackwell, 246 Ala. 476, 21 So.2d 617; Tilley v. Tucker, 261 Ala. 287, 73 So.2d 923; Turner v. Turner, 261 Ala. 129, 73 So.2d 549.

There is no error in either assignment here.

Assignment of Error No 3:

"The Circuit Court committed error in not following the agreement of the parties as reflected in the Exhbits [sic] introduced into the evidence, (Please See Exhibits) (R. 18–20)."

Assignment of Error No. 4:

"The Circuit Court was in error in not finding that the Appellees by Exhibits introduced into evidence offered and sold the land to the Appellant, and Appellants [sic] placed in possession by Appellants [sic] after receiving part or all of the purchase price. (R. 18–20 Exhibits and Record 17–38), also (Record P. 10)."

These two assignments are related and may be considered together. Assignment of Error No. 3 relies entirely on Exhibits A and #1 (letters to the father), supra. These communications, one unsigned by the owner of the property, constitute only part of the complainant's evidence. But more important, it omits consideration of all testimony offered by respondents. Standing alone, and without verbal explanation, these two exhibits are insufficient to suggest error.

In Assignment No. 4 we again have the two Exhibits A and #1 (letters to the fa-

ther) and, in addition, only the testimony of the father (complainant) as a basis for alleged error in the decree. The question of possession, to include the circumstances of permitting complainant to take possession was highly disputed, including the repayment of the funds originally paid by the father to his son. All of this was considered by the court. We are compelled to rely on recognized and established procedure that governs reviews of the trial court who has heard the evidence ore tenus. The findings of the court have the effect of a jury's verdict, and will not be disturbed on appeal, whether in law or equity, and the Supreme Court must affirm the trial court's decree, if fairly supported by creditable evidence under any reasonable aspect, regardless of what might be its view of the evidence. Patterson, Executrix v. John Brooks et al., 285 Ala. 349, 232 So.2d 598; Powell v. Powell, 285 Ala. 230, 231 So.2d 103.

There is no error in Assignments of Error 3 and 4.

Assignment of Error No. 5:

"The Honorable Court erred in failing to follow the general rule of land [sic] of land, viz, 'As a general rule, anything of value to the vendor or of detriment to the purchaser is a sufficient consideration to support the vendor's agreement to sell and convey'. (Record P. 10)."

This assignment refers only to "(Record P. 10)", this being the final decree. A reading of the decree fails to show that the court specifically made such a holding.

Assignment of Error No. 5 is in the nature of argument that the court was mistaken, but they do not point out either that the court erred, or any specific ruling that constituted error.

"The office of an assignment of error is not to point out legal contentions, but only to inform this Court that appellants assign as erroneous certain named rulings." Madison Limestone Co. v. McDonald, 264 Ala. 295, 87 So.2d 539.

"When the record does not disclose the fact assumed as a ground of an assignment of error, such ground for error cannot be considered on appeal." Gilmore v. Lee, 282 Ala. 182, 210 So.2d 415.

Assignment of Error No. 6:

"The Circuit Court erred in overruling the Appellant's motion for a rehearing in this cause, (Record P. 10–11)."

Assignment of Error No. 6 charges error in the overruling and denying of the application for rehearing. Such a decree, unless it modifies the final decree, is not subject to review on assignment of error on appeal from the final decree. Equity Rule #62. Dunlavy v. Dunlavy, 283 Ala. 303, 216 So.2d 281; Skipper v. Skipper, 280 Ala. 506, 195 So.2d 797; Phillips v. Phillips, 277 Ala. 2, 166 So.2d 726.

Assignment of Error No. 7:

"The Court erred in stating in the final decree that the cause was tried only on the issue of specific performance when the prayer for relief in the bill of complaint prayed for general relief. (R. 10 & 1)."

After repeating the complete assignment of error, appellant in brief states: "No law is cited on this assignment as the bill of complaint shows on its face that a general prayer for relief was set out therein."

This is insufficient to invite review of the assignment of error. Supreme Court Rules, Rule #9. Walker, as Admrx. v. Southern Trucking Corp., 283 Ala. 551, 219 So.2d 379; Silavent v. Silavent, 281 Ala. 58, 198 So.2d 785.

There is no argument in brief for Assignment of Error No. 8.

The decree of the Circuit Court is affirmed.

The foregoing opinion was prepared by J. Edgar Bowron, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

HEFLIN, C. J., and MERRILL, COLEMAN, HARWOOD, BLOODWORTH, and McCALL, JJ., concur.