STEAGALL, Justice.
The defendants appeal from a declaratory judgment quieting title to certain property located in Escambia County, Alabama, in the plaintiffs. We affirm.
The plaintiffs filed a complaint to quiet title and for declaratory relief, asserting that they had acquired title to the subject property by adverse possession. After receiving evidence presented ore tenus, the trial court held that title to the property was vested exclusively in John Browder at the time of his death on January 25, 1982, and that title passed by intestate succession from John to the plaintiffs, John’s sole heirs and next of kin. The trial court further found that the defendants have no right, title, or interest in the property.
The defendants are heirs of Peter Armstrong, who was the owner of the subject property until 1948, when it was sold for delinquent ad valorem taxes. Before the tax sale in 1948, John Browder, Peter Armstrong’s brother-in-law, had paid the mortgagee $1400, which was the balance due on an outstanding mortgage on the subject property by Peter Armstrong, that was in default. In 1950, John Browder redeemed the property and received a deed, which was never recorded and which could not be located at the time of trial.
The property was assessed for taxation in the name of John Browder from 1950 until his death in 1982. Since 1982, the property has been assessed by the plaintiffs. The Browder family has occupied the property as their residence continuously since 1969. Prior to 1969, the Browders rented the property to others for livestock grazing purposes. The Browders cut timber on the property, entered into an oil, gas, and mineral lease in 1971, and received a condemnation award when a portion of the property was acquired as a right-of-way for interstate highway 65. The Brow-ders also held themselves out to the community as owners of the property.
Peter Armstrong died in 1948 and his widow, one of the defendants, later moved to New York, where she lived at the time of the trial. She was the only defendant who had lived on the property, and that was sometime prior to 1950, the year John Browder redeemed the property from the tax sale; The defendants have disputed the ownership of the property since 1957 and have communicated to the Browders their claim of an interest.
A person claiming title to property by adverse possession may bring an action to quiet title. Ala.Code 1975, § 6-6-540, and Cox v. Lewis, 165 Ala. 157, 51 So. 618 (1910).
There are two alternative means of establishing ownership by adverse possession. One is through the provisions of Ala.Code 1975, § 6-5-200, which provides, in pertinent part:
“(a) Adverse possession cannot confer or defeat title to land unless:
“(1) The party setting it up shall show that a deed or other color of title purporting to convey title to him has been duly recorded in the office of the judge of probate of the county in which the land lies for 10 years before the commencement of the action;
“(2) He and those through whom he claims shall have annually listed the land for taxation in the proper county for 10 years prior to the commencement of the action if the land is subject to taxation; or
“(3) He derives title by descent cast or devise from a predecessor in the title who was in possession of the land. “(b) If the period during which the party’s deed or color of title has been on record, added to the time during which the deeds or color of title of those through he claims have been on record, amounts to 10 years, he may defend or prosecute on his adverse possession, and an inadvertent failure to list the land for taxation, any unintentional mistake in the description of the assessment or unintentional omission of any part of it from the assessment during the period of 10 years shall not bar the party of his action or defense on his adverse possession.”
The second alternative is the 20-year common law prescriptive period. The re *995 quirements and the distinctions between the two types of adverse possession have been explained as follows:
“ ‘In Alabama there are basically two types of adverse possession, these two types being statutory adverse possession and adverse possession by prescription. Adverse possession by prescription requires actual, exclusive, open, notorious and hostile possession under a claim of right for a period of twenty years.... Statutory adverse possession requires the same elements, but the statute provides further that if the adverse possessor holds under color of title, has paid taxes for ten years, or derives his title by descent cast or devise from a possessor, he may acquire title in ten years, as opposed to the twenty years required for adverse possession by prescription.’ ”
Morgan v. Alabama Power Co., 469 So.2d 100, 102 (Ala.1985), quoting Kerlin v. Ten-saw Land & Timber Co., 390 So.2d 616, 618 (Ala.1980).
When evidence is presented ore tenus to the trial court, the court’s findings of fact will not be disturbed on appeal unless they are clearly erroneous. Sudduth v. Sudduth, 366 So.2d 1102 (Ala.1979). Furthermore, this Court will rarely disturb the judgment of the trial court in an adverse possession case involving disputed facts. Thomas v. Davis, 410 So.2d 889 (Ala.1982).
The record in the instant case supports the trial court’s judgment that the plaintiffs obtained title to the property in question by adverse possession. In fact, there was sufficient evidence to establish both statutory and prescriptive possession. Since no error is evident from the record, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.