A.W. Daugherty died intestate in 1924, survived by one child, W. Frank Daugherty, by his first wife, and five children, Allen Daugherty, Edgar Daugherty, Ida Lee Daugherty Miller, Fannie Mae Daugherty Dunam, and Ader Lue Daugherty Patrick, by his second wife. At the time of his death, he owned 44 1/2 acres of land, specifically 44 1/2 acres on which was situated a house, and a separate 40-acre parcel of land in Washington County that is the subject of this appeal. *Page 66 
On July 29, 1933, the five children by his second wife met to divide the property among themselves.[1] Fannie Mae Dunam received the 4 1/2 acres with the house, and the remaining 40-acre parcel was divided equally among the other four children. At this meeting, Edgar Daugherty agreed to sell his 10-acre interest to Ida Lee Miller, giving her the west 1/2 of the parcel, or 20 acres, and Allen Daugherty agreed to sell his 10-acre interest to Ader Lue Patrick and her husband, giving them the east 1/2 of the parcel, also 20 acres. The deed to Ader Lue Patrick and her husband purported to convey the E 1/2 of the NE 1/4 of the SE 1/4 of the NE 1/4 of Section 34, T8N, R4W, "containing 20 acres more or less." The deed to Ida Lee Miller purported to give her the W 1/2 of the NE 1/4 of the SE 1/4 of the NE 1/4 of Section 34, T8N, R4W, "containing 20 acres more or less." The parties agree, however, that these descriptions did not represent what they intended to convey. Due to a scrivener's error, each deed described only five acres rather than 20 acres.
Ader Lue Patrick in 1945, was the first to discover the mistake; in that same year, she and her husband prepared a corrective deed that all of the other children signed and that deed conveyed to her and her husband the 20 acres originally intended for them. The second deed thus conveyed to her and her husband the E 1/2 of the SE 1/4 of the NE 1/4, Section 34, T8N, R4W.
Ida Lee Miller did not discover the error in her deed until sometime after 1950; in 1959, she also drew up a corrective deed that all of the other children, except Edgar Daugherty, signed; it was recorded October 11, 1980. Ida Lee Miller's new deed conveyed the 20 acres in the W 1/2 of the SE 1/4 of the NE 1/4 of Section 34, T8N, R4W. Although Ida Lee Miller approached Edgar Daugherty and his wife Alice twice about signing the deed, they refused.
Ida Lee Miller conveyed her property to her grandson, William Joseph Miller in 1981, and his deed was recorded on January 10, 1985. On February 27, 1987, Joseph Miller filed a complaint to quiet title to the land and to reform the 1933 deed; he named as defendants Alice Daugherty[2] and her seven daughters. On February 18, 1988, Alice Daugherty and her daughters filed a counterclaim to quiet title to the land and, on March 18, 1988, Joseph Miller amended his complaint to include a third count asking the court to enter a judgment confirming the "oral partition" of the property. After an ore tenus hearing, the trial court, although it did not formally reform the 1933 deed, entered a final judgment holding Joseph Miller to be the fee simple owner of the land.
Although the judgment does not set out the basis for the trial court's holding in favor of Joseph Miller, "[i]t is well settled that when it cannot be determined on what ground or theory judgment was rendered, the finding of the trier of fact is referred to the theory supported by the evidence." Snow v.Boykin, 432 So.2d 1210, 1211 (Ala. 1983) (citation omitted); see, also, White v. Sims, 470 So.2d 1191 (Ala. 1985). Furthermore, a finding based on ore tenus evidence will not be disturbed on appeal unless it is clearly erroneous or manifestly unjust. Snow, supra, and Armstrong v. Dailey,514 So.2d 993 (Ala. 1987).
We find that the trial court's holding was correct under the theory of adverse possession by prescription:
 "In Alabama there are basically two types of adverse possession, these two types being statutory adverse possession and adverse possession by prescription. Adverse possession by prescription requires actual, exclusive, open, notorious and hostile possession under a claim of right for a period of twenty years. See, Fitts v. Alexander, 277 Ala. 372, 170 So.2d 808 (1965). Statutory adverse possession requires the same elements, but the statute provides further that if the *Page 67 
adverse possessor holds under color of title, has paid taxes for ten years, or derives his title by descent cast or devise from a possessor, he may acquire title in ten years, as opposed to the twenty years required for adverse possession by prescription. Code 1975, § 6-5-200. See, Long v. Ladd, 273 Ala. 410, 142 So.2d 660 (1962)."
Kerlin v. Tensaw Land Timber Co., 390 So.2d 616, 618 (Ala. 1980); see, also, Morgan v. Alabama Power Co., 469 So.2d 100
(Ala. 1985).
In the context of possession, we have held:
 "To determine whether an adverse claimant's acts were 'a sufficient indication to all the world that [he] claimed ownership of the property in question . . . we must look collectively to all the possessory acts of the claimant.' Hurt v. Given, 445 So.2d 549, 551 (Ala. 1983). An adverse possessor need only use the land 'in a manner consistent with its nature and character — by such acts as would ordinarily be performed by the true owners of such land in such condition.' Hand v. Stanard, 392 So.2d 1157, 1160 (Ala. 1980)."
Drennen Land Timber Co. v. Angell, 475 So.2d 1166, 1172 (Ala. 1985).
In this regard, the record reveals that the property is rural; that A.W. Daugherty used part of it for farming; and that Ida Lee Miller developed it as timberland. She had timber cut at least twice by her husband and son and several times by various other people. She executed oil and gas leases in 1940, 1961, and 1973, and in 1985 Joseph Miller executed such a lease. Ida Lee Miller's husband, children, and grandson (Joseph Miller) regularly hunted on the property. One of the defendant's witnesses testified that Ida Lee Miller's family gave him permission to clear part of the property and to build a baseball diamond and that Ida Lee Miller's husband showed him the property lines on the 20 acres. Ida Lee Miller also built a barbecue pit on the property, which she and her family used regularly during hunting season. We find these facts sufficient to establish that Ida Lee Miller and, later, Joseph Miller claimed ownership of the property and to establish that their possession was actual, exclusive, open, notorious, and hostile.
Joseph Miller also proved that he and his grandmother possessed the land for the requisite time period under the prescriptive theory. Edgar and Alice Daugherty were put on notice that Ida Lee Miller's possession was adverse to their interest at the very latest in 1959, when she sought their signatures on a corrective deed. Thus, disregarding the time prior to 1959, Ida Lee Miller and Joseph Miller had adversely possessed the land for about 28 years before this action was filed. This satisfies the 20-year prescriptive time requirement.
The defendants argue that Ida Lee Miller and Joseph Miller were cotenants with them and, therefore, that Ida Lee Miller and Joseph Miller's possession was not adverse but for the benefit of all of them. It is true that, based on the record title, Ida Lee Miller and the defendants had been tenants in common; nevertheless, Joseph Miller sufficiently proved an ouster of the cotenants by Ida Lee Miller. The presumption that the entry and possession by one tenant in common is presumed to be for the benefit of all the cotenants "is indulged until such possession is rendered adverse by some act or declaration by the party in possession repudiating the interest of his cotenants." Howard v. Harrell, 275 Ala. 454, 456-57,156 So.2d 140, 143 (1963). In this case, that act was Ida Lee Miller's presentation to Edgar and Alice Daugherty of her corrective deed, which they refused to sign.
We have reviewed the defendants' other arguments and find them to be without merit. The trial court's judgment holding Joseph Miller to be the fee simple owner of the property in question is, therefore, affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and ADAMS, JJ., concur.
[1] Frank Daugherty did not participate in the division of the 44 1/2 acres; however, he conveyed his undivided interest in the property to Ida Lee Miller on May 19, 1959, by a deed that was recorded on May 26, 1959.
[2] Edgar Daugherty had died in 1983. *Page 68