This appeal involves a boundary line dispute between two coterminous landowners. We affirm.
After a thorough review of the record and the briefs in this case, we find that a presentation of the facts is unnecessary to resolve the issue presented and that a recitation of the facts would not aid the Bench and the Bar in any way. *Page 1043 
The issue before us is whether there was sufficient evidence from which the trial court could find that Clarence and Lillian Ellison (referred to in the trial court's order as "Plaintiffs") adversely possessed the disputed strip of property adjacent to the property owned by Clifford and Mary Grace Bearden (referred to in the trial court's order as "Defendants").
The trial court's order reads as follows:
 "This cause has been submitted upon Complaint of the Plaintiffs, Clarence Ellison and Lillian Ellison, and Answer filed by the Defendants, Clifford Bearden and Mary Grace Bearden, and upon evidence submitted by the parties and ore tenus hearing by the court. This is a boundary line dispute between two adjoining, coterminous landowners, and the Court is called upon to decide the true and correct boundary line between the parties, and the ownership of certain disputed property on the east side of an old fence which runs between the parties.
 "The Court finds from the evidence presented that a fence has separated the two parcels of property for more than forty years, and in fact, was built by the Defendants. In addition, the Court finds that the southernmost portion of said fence was destroyed by the Defendants, or their son, shortly before the filing of the complaint. The Court finds that the Plaintiffs have raised gardens, cut timber, grazed cattle, and otherwise used the property on the East side of the old fence as their own for more than thirty-eight years preceding the filing of the complaint. The Court further finds that the use of the property by the Plaintiffs up to the fence has been in an actual, hostile, open, notorious, exclusive, and continuous manner, and has been without the permission of the Defendants. The Court further finds that the parties have acknowledged and recognized the old fence as the boundary line between the two parcels of property at least since the late 1940's, and that the Plaintiffs have adversely possessed the property on the east side of the old fence up to said fence.
 "It is therefore, ORDERED, ADJUDGED, and DECREED that the dividing line between the property of the Plaintiffs and the property line of the Defendants in the Southwest Quarter of the Northwest Quarter of Section 19, Township 20 South, Range 2 West and the Northwest Quarter of the Southwest Quarter of Section 19, Township 20 South, Range 2 West, Shelby County, Alabama is the old fence constructed by the Defendants which separates the parcels of property of the Plaintiffs and Defendants. Further, the Plaintiffs, Clarence Ellison and Lillian Ellison, have acquired title to all disputed property on the East side of said fence line by adverse possession.
 "The Plaintiffs or their attorneys, shall within forty five (45) days from today's date, mark the said line by placing on the North end, and on the South end (adjacent to Shelby County Highway # 52 right-of-way), permanent markers, and shall select a surveyor to survey the said fence line. The Plaintiffs or their attorneys shall then report to the Court in writing concerning their actions, and present the said survey and surveyor's report, and the Defendants will have thirty (30) days from that date to object to the placement of markers and boundary line survey. Upon report, presentation of survey, and expiration of time for objection, the Court will enter a final order establishing the survey description of the boundary line between the parties. The cost of said survey shall be taxed as a part of the court costs in this action, and court costs shall be divided equally between the Plaintiffs and Defendants."
Where a trial court hears ore tenus testimony, as in this case, its findings based upon that testimony are presumed correct, and its judgment based on those findings will be reversed only if, after a consideration of all the evidence and after making all inferences that can logically be drawn from the evidence, the judgment is found to be plainly and palpably erroneous. See City of Birmingham v. Sansing Sales ofBirmingham, Inc., 547 So.2d 464 (Ala. 1989); King v. TravelersIns. Co., *Page 1044 513 So.2d 1023 (Ala. 1986); Robinson v. Hamilton, 496 So.2d 8 (Ala. 1986); see, also, Meeks v. Hill [1990] 557 So.2d 1238 (Ala. 1990). The trial court's judgment will be affirmed if there is credible evidence to support the judgment. City of Birminghamv. Sansing Sales of Birmingham, Inc., supra; see, also,American Casualty Co. v. Wright, 554 So.2d 1015 (Ala. 1989). Furthermore, where the trial court does not make specific findings of fact concerning an issue, this Court will assume that the trial court made those findings necessary to support its judgment unless such findings would be clearly erroneous. See Robinson v. Hamilton, supra. The presumption of correctness is particularly strong in boundary line disputes and adverse possession cases, because the evidence in such cases is difficult for an appellate court to review. Seidler v.Phillips, 496 So.2d 714 (Ala. 1986); Wallace v. Putnam,495 So.2d 1072 (Ala. 1986); Drennen Land Timber Co. v. Angell,475 So.2d 1166 (Ala. 1985); May v. Campbell, 470 So.2d 1188
(Ala. 1985).
A boundary line dispute is subject to a unique set of requirements that is a hybrid of the elements of statutory adverse possession and adverse possession by prescription. SeeRobinson v. Hamilton, supra. In a boundary line dispute, coterminous landowners may alter the boundary line between their tracts by agreement plus possession for ten years. SeeRobinson v. Hamilton, supra; see, also, Kerlin v. Tensaw Land Timber Co., 390 So.2d 616 (Ala. 1980).
In Carpenter v. Huffman, 294 Ala. 189, 191, 314 So.2d 65, 67
(1975), Justice Jones summarized the applicability of our adverse possession statute (Ala. Code, 1975, § 6-5-200) as it relates to coterminous landowners:
 "The three alternative prerequisites 1) deed or other color of title, 2) annual listing of land for taxation, or 3) title by descent cast or devise from a predecessor, therefore, are not necessary to sustain a claim to title by a coterminous owner. Lay v. Phillips, 276 Ala. 273, 161 So.2d 477 (1964); Sylvest v. Stowers, 276 Ala. 695, 166 So.2d 423 (1964). That is to say, although the claimant is relieved of these three alternative conditions prescribed by [§ 6-5-200], he may still acquire title by the exercise of adverse possession for a period of ten years. Cambron v. Kirkland, 287 Ala. 531, 253 So.2d 180 (1971); Lay v. Phillips, supra; McNeil v. Hadden, 261 Ala. 691, 76 So.2d 160
(1954). However, the requirements that possession be open, notorious, hostile, continuous and exclusive are still applicable. Thompson v. Odom, 279 Ala. 211, 184 So.2d 120 (1966)."
Quoted with approval in Mardis v. Nichols, 393 So.2d 976, 977
(Ala. 1981); in Robinson v. Hamilton, supra, at 10; and inBrown v. Alabama Great Southern R.R., 544 So.2d 926, 931 (Ala. 1989).
In an adverse possession case, such as this, the claimant must prove by clear and convincing evidence that his possession was hostile, notorious, open, continuous, and exclusive for a 10-year period. Mardis v. Nichols, supra; see Seidler v.Phillips, 496 So.2d 714 (Ala. 1986); Lilly v. Palmer,495 So.2d 522 (Ala. 1986); see, also, Brown v. Alabama Great SouthernR.R., supra; Sims v. Vandiver, 504 So.2d 250 (Ala. 1987). While statements of intent may be entitled to consideration by the trial court, it is primarily the acts of the adverse claimant that a trial court must look at to determine objectively whether the claimant has exerted a claim of right to a disputed area openly and exclusively for ten years. Kubiszyn v. Bradley,292 Ala. 570, 298 So.2d 9 (1974).
 " 'To determine whether an adverse claimant's acts were "a sufficient indication to all the world that [he] claimed ownership of the property in question . . . we must look collectively to all the possessory acts of the claimant." Hurt v. Given, 445 So.2d 549, 551 (Ala. 1983). An adverse possessor need only use the land "in a manner consistent with its nature and character — by such acts as would ordinarily be performed by the true owners of such land in such condition." *Page 1045 Hand v. Stanard, 392 So.2d 1157 (Ala. 1980).' "
Daugherty v. Miller, 549 So.2d 65, 67 (Ala. 1989), quotingDrennen Land Timber Co. v. Angell, supra, at 1172 (Ala. 1985).
It is undisputed that the Ellisons obtained the property adjoining the Beardens' property by warranty deed in 1948. The Ellisons disputed any permissive use of the property and testified that the Beardens told them that the fence that separated the two properties was the boundary line of their property. The Ellisons presented numerous witnesses who testified that for approximately 40 years the Ellisons not only lived on the property in question but also cut timber, cultivated vegetable and flower gardens, grazed cattle, and cleared pasture land up to the barbed wire fence separating the two parcels of land.
It is undisputed that the Beardens erected the fence in its present location and have used only the property on their side of the fence. However, the Beardens disputed that they ever told the Ellisons that the fence was the boundary line and they argued that the Ellisons' use of the property was permissive.
The presence of a fence, which is an outstanding symbol of possession, coupled with normal acts of use in appropriation of the land, sufficiently satisfies the requirements of adverse possession. See Lilly v. Palmer, supra; W.T. Smith Lumber Co.v. Cobb, 266 Ala. 146, 94 So.2d 763 (1957); see, also, Grahamv. Hawkins, 281 Ala. 288, 202 So.2d 74 (1967). The maintenance of a house, the cultivation of land and gardens, the pasturing of animals, and the mowing of fields are normal acts of use and serve as sufficient possessory acts to meet the requirements of adverse possession under the facts at issue in this case. Lillyv. Palmer, supra; see, James v. Mizell, 289 Ala. 84,265 So.2d 866 (1972); Cambron v. Kirkland, 287 Ala. 531, 253 So.2d 180
(1971); see, also, Hurt v. Given, 445 So.2d 549 (Ala. 1983).
In the present case, the trial court, in holding that the Ellisons had adversely possessed the property on their side of the fence, found that the Ellisons had used that property as their own for more than 38 years preceding the filing of the complaint; that the Ellisons' use of the property was not permissive; and that the Ellisons and the Beardens had acknowledged and recognized the fence as the boundary line between the two parcels of property since the late 1940's. That finding is supported by the Ellisons' testimony and that of their witnesses.
Because those facts were disputed, we are bound by theore tenus standard of review. Having read the testimony presented by the Beardens, which places the testimony of the Ellisons' witnesses in dispute and calls for resolution by the trier of fact, we hold that there is clearly more than sufficient evidence to uphold the trial court's finding that the Ellisons had "acquired title to all disputed property . . . by adverse possession."
We have thoroughly reviewed all of the Beardens' arguments; and, after careful consideration of those arguments, we are persuaded that there was credible evidence from which the trial court could have reasonably inferred that the Ellisons' use of the property complied with the requirements of adverse possession.
Based on the foregoing, the judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and KENNEDY, JJ., concur.