The defendants appeal from a judgment of the Circuit Court of Winston County determining a boundary line between coterminous landowners. We affirm.
The line in dispute is the western boundary of property owned by the plaintiffs, Robert F. Blake, Jr., Sara Dean Blake Richardson, and Tommie Carol Blake Lowe, and the eastern boundary of property owned by defendant Econoline Trailers, Inc.[1] The trial court, after hearing ore tenus evidence, found for the Blakes and established the boundary along an old fence line that lies to the west (inside) of the line described in Econoline's deed. Econoline argues that the trial court clearly erred in finding that the Blakes had acquired title to the disputed strip by adverse possession. Econoline maintains that the true boundary is as reflected in the legal description contained in its deed.
Recently, in Todd v. Owens, 592 So.2d 534, 535 (Ala. 1991), this Court set out the well established law applicable to the present case:
 " ' "[A] judgment establishing a boundary line between coterminous landowners on evidence submitted ore tenus is presumed to be correct and need only be supported by credible evidence. If so supported, the trial court's conclusions will not be disturbed on appeal unless plainly erroneous or manifestly unjust." Tidwell v. Strickler, 457 So.2d 365, 367 (Ala. 1984) (citations omitted).' *Page 994 
 "Garringer v. Wingard, 585 So.2d 898, 899 (Ala. 1991). The presumption of correctness is especially strong in boundary line dispute cases because it is difficult for the appellate court to review the evidence in such cases. Bearden v. Ellison, 560 So.2d 1042 (Ala. 1990). Moreover, the presumption is further enhanced if the trial court personally views the property in dispute. . . . Bell v. Jackson, 530 So.2d 42 (Ala. 1988); Wallace v. Putman, 495 So.2d 1072, 1075 (Ala. 1986)."
After carefully reviewing the briefs and the record, we conclude that the trial court, which personally viewed the disputed strip, had credible evidence before it upon which to base its finding that the Blakes had acquired ownership of the disputed strip by adverse possession. See Robinson v. Hamilton,496 So.2d 8 (Ala. 1986), for a discussion of the law of adverse possession applicable in a boundary line dispute between coterminous landowners. Although, as Econoline points out, the trial court heard conflicting testimony, we cannot, under our standard for reviewing findings of fact based on ore tenus evidence, hold that the trial court's decision is clearly erroneous. The judgment establishing the boundary between these parties is, therefore, due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and INGRAM, JJ., concur.
[1] Raymond L. Banks, the owner of Econoline Trailers, Inc., was also named as a defendant and as a party to this appeal.