INGRAM, Justice.
This is an appeal from a suit filed to establish the boundary line between coterminous property owners. Specifically, the trial court was asked to establish the eastern and northern boundary lines of Lot 77 of the W.C. McDaniel Lakeshore Property as recorded in Plat Book 5 at page 22 in the office of the judge of probate of Cherokee County, Alabama.
The trial court, after receiving ore tenus evidence and viewing the property at issue, established the eastern and northern boundaries of Lot 77, as follows:
“With regard to the eastern boundary of Lot Number 77 of said Subdivision, this Court finds that said boundary begins at the southeast corner of said lot as marked by a stake at the edge of the road right-of-way and runs in a northwesterly direction parallel to and even with the railroad ties which form the westernmost boundary of the garden on Lot Number 76 of said Subdivision....
“The northernmost boundary of Lot Number 77 is that line established by the survey of Robert H. Wagnon, Licensed Land Surveyor, Arrowhead Associates ....
“The eastern boundary and the northern boundary of Lot Number 77, as here-inabove established, shall be, and are hereby, deemed to be the eastern and northern boundary of said Lot, and the boundary between said Lot Number 77 and adjoining landowners.”
*989 The law governing the standard of review in this case is well established:
“ ‘ “ ‘[A] judgment establishing a boundary line between coterminous landowners on evidence submitted ore tenus is presumed to be correct and need only be supported by credible evidence. If so supported, the trial court’s conclusions will not be disturbed on appeal unless plainly erroneous or manifestly unjust.’ Tidwell v. Strickler, 457 So.2d 365, 367 (Ala.1984) (citations omitted).”
“ ‘Garringer v. Wingard, 585 So.2d 898, 899 (Ala.1991). The presumption of correctness is especially strong in boundary line dispute cases because it is difficult for the appellate court to review the evidence in such cases. Bearden v. Ellison, 560 So.2d 1042 (Ala.1990). Moreover, the presumption is further enhanced if the trial court personally views the property in dispute.... Bell v. Jackson, 530 So.2d 42 (Ala.1988); Wallace v. Putman, 495 So.2d 1072, 1075 (Ala.1986).’ ”
Econoline Trailers, Inc. v. Blake, 600 So.2d 993 (Ala.1992) (quoting Todd v. Owens, 592 So.2d 534, 535 (Ala.1991)).
The record contains credible testimony establishing the eastern boundary as beginning “at the southeast corner of [Lot Number 77] as marked by a stake at the edge of the road right-of-way and [running] in a northwesterly direction parallel to and even with the railroad ties [that] form the westernmost boundary of the garden on Lot Number 76.” Also, there is credible evidence to support the trial court’s setting of the northern boundary as that line established by Wagnon’s survey. Because there is credible evidence to support the trial court’s determination of the boundaries, we affirm the trial court’s judgment.
AFFIRMED.
HORNSBY, C.J., and ALMON and ADAMS, JJ., concur.
STEAGALL, J., concurs in the result.