THIGPEN, Judge.
This case involves a boundary line dispute between coterminous landowners and a claim of adverse possession.
In September 1993, B.W. Hollaway filed a complaint against Maida Hartley, alleging that there was a dispute as to the location of the boundary line between their coterminous property. Hollaway requested that the trial court determine the boundary line to be as described in his deed. Hartley answered and ultimately filed a counterclaim, alleging ownership of the disputed property by deed and adverse possession; she further alleged that she had met the requirements of adverse possession by being in open, notorious, adverse, and exclusive possession of the disputed property for more than 20 years.
Following ore tenus proceedings, the trial court entered a judgment in February 1994, finding that Hartley was “the fee simple owner [of the disputed property] claimed by adverse possession” and determining the boundary line. The court denied Hollaway’s post-judgment motion, and he appeals.
This case was transferred to this court by the Supreme Court, pursuant to Ala.Code 1975, § 12-2-7.
Although Hollaway raises several issues, the dispositive issue is whether Hartley proved the elements of adverse possession.
The parties agreed to mark and enter into evidence numerous documents, including deeds, photographs, and surveys of the disputed land. Although these items were admitted into evidence at trial, they were not provided for review on appeal. The trial court, however, had the benefit of observing these documents firsthand, and of hearing the related testimony. Land surveyors for both parties testified regarding the surveys presented at trial. The testimony regarding the surveys presents difficulty on appellate review, due to the fact that the witnesses and/or the attorneys physically indicated to the trial court specific points, and reviewing the written record does not disclose with any certainty those indications. There is testimony regarding a discrepancy between the surveys done by the two surveyors.
According to Hollaway, he or his ex-wife had lived on the property continuously since 1968, although Hollaway obtained legal title to his property in 1973. He testified that Hartley was living on the adjoining property when he moved to his property. Hollaway testified that a fence was on his property when he acquired it, and his ex-wife testified that a fence was located all around their house when they moved onto their property. Hollaway contended that the boundary line between the parties’ adjoining property was the line determined by his surveyor and his deed. Hartley contended that the fence line was the dividing line between the parties’ coterminous property. Hollaway contended that he had done some activities upon the disputed land, such as mowing it and cleaning it up. He also admitted that Hartley or her son also had used the disputed property and that he did not know where the property line was until after the survey. Hollaway testified that he or his ex-wife had planted shrubbery on the fence line and that he had planted some trees and shrubbery close to the fence line. He also testified that Hartley gave him permission to use part of her property for a garden.
Mozelle Hollaway, who was married to Hollaway for 34 years, testified that she lived *25 on Hollaway’s property continuously from 1968 until October 1993. Mozelle testified that Hartley made Hollaway move some junk cars off the disputed property, and Mozelle stated that she and Hollaway planted different things in line with the fence or beside the fence. She further testified that Hollaway asked, and Hartley allowed him, to plant a garden on the disputed property. She further testified that they did not plant anything on Hartley’s side of the fence line, and that she thought the dividing line between the properties was the fence line or close to it. According to Mozelle, they removed the fence that was located on the disputed property and replaced it with another fence, before this dispute arose.
Hartley testified that she always considered the boundary line between the properties to be where the fence posts were. She testified that she rented her property to various people while she lived out of state, and that her son had moved onto her property for a while in 1976. According to Hartley, in 1977 or early 1978, she made Hollaway move away some junk ears that he had placed on the disputed property, and that he planted a garden on the disputed property with her permission. Hartley contended that she and her son maintained the property, that sometime in 1983 she put a trailer on the property, and that Hollaway’s activities on the disputed property started after the land survey was done. She testified that there was never a dispute about the dividing line until the 1993 land survey. Hartley further testified that Hollaway told her that he had always recognized the fence line as the property line until the land survey, and that he tried to plant his trees in line with the fence line.
The well-established law applicable to this case is stated as follows:
“ ‘[A] judgment establishing a boundary line between coterminous landowners on evidence submitted ore tenus is presumed to be correct and need only be supported by credible evidence. If so supported, the trial court’s conclusions will not be disturbed on appeal unless plainly erroneous or manifestly unjust. The presumption of correctness is especially strong in boundary line dispute cases because it is difficult for the appellate court to review the evidence in such cases. Moreover, the presumption is further enhanced if the trial court personally views the property in dispute.’ ”
Econoline Trailers, Inc. v. Blake, 600 So.2d 993, 993-94 (Ala.1992) (citations omitted); see also Morris v. Ott, 607 So.2d 173 (Ala.1992).
The presumption of correctness is also especially strong in cases involving claims of adverse possession. Howell v. Bradford, 570 So.2d 643 (Ala.1990); Scarb-rough v. Smith, 445 So.2d 553 (Ala.1984). Furthermore,
“In the trial of an adverse possession claim, witnesses often refer to maps, making gestures and implications that the trial record is unable to reflect. Therefore, because the appellate court has only the trial record to reflect the testimony that was given at trial, the discretion of the trial judge must be heavily relied upon.”
Moss v. Woodrow Reynolds & Son Timber Co., 592 So.2d 1029, 1030 (Ala.1992) (citation omitted).
Hartley, as the claimant in an adverse possession case, must prove by clear and convincing evidence that her possession “was hostile, notorious, open, continuous, and exclusive for a 10-year period.” Bearden v. Ellison, 560 So.2d 1042, 1044 (Ala.1990). “If a coterminous landowner holds actual possession of a disputed strip under claim of right, openly and exclusively for a continuous period of 10 years, believing that he is holding to the true line, he will acquire title to that line, even though the belief as to the correct location of the line originated in a mistake.” Scarbrough at 556. A trial court must look to all of the possessory acts of one claiming adverse possession, collectively, rather than to each act independently, to determine whether the claimant has exerted a claim of right to the disputed area openly and exclusively for the required period. Bearden, supra. Further, it has long been settled that “ ‘[t]o constitute an actual possession of land it is only necessary to put it to such use or exercise of such dominion over it as in its present state it is reasonably adapted to.’” Moorer v. Malone, 248 Ala. 76, 78, 26 So.2d *26 558, 559 (1946) (citation omitted). “The presence of a fence, which is an outstanding symbol of possession, coupled with normal acts of use in appropriation of the land, sufficiently satisfies the requirements of adverse possession.” Bearden at 1045.
The testimony regarding each party’s use of the disputed property was conflicting. Although the record does not reveal whether the trial judge personally viewed the disputed property, it is clear that the trial court had the opportunity to view photographs and other evidence concerning the disputed property, and there is credible evidence to support the trial court’s findings. There is evidence to support the trial court’s finding that Hartley adversely possessed the disputed property, i.e., that her possession was open, notorious, exclusive, hostile, and continuous for the required period, and there is sufficient evidence to uphold the trial court’s judgment. Accordingly, the judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.