This is an appeal from a judgment in the Circuit Court of Colbert County determining a boundary line between coterminous landowners. We affirm.
The plaintiffs, Ralph and Sybil Hamilton have been next-door neighbors of the defendants, Henry and Sarah Robinson, for over 20 years. The defendants originally purchased a 3.56-acre tract from Sybil Hamilton's father and later sold the east half of that tract to the plaintiffs. An appendix to this opinion shows a plat of a survey, ordered by the trial court, which shows the common boundary between the parties in accordance with the description set out in the plaintiff's deed.
The defendants introduced testimony which tended to show the following: The iron rod shown on the plat was driven down by Sybil Hamilton's father in 1962 at the point where he thought the line separating the tracts was located. The defendants always believed that that iron rod marked the boundary between themselves and the plaintiffs. Consequently, the defendants planted four fruit trees and a portion of their summer garden over on the plaintiffs' property (see survey). Both the garden (when in season) and the fruit trees have been maintained by the defendants. The defendants also ran their underground septic tank field lines onto the plaintiffs' property at the time they built their house in 1962.
The plaintiffs' testimony tended to show that the boundary in dispute was, and had always been represented, as shown in the survey. Ralph Hamilton testified that he gave the defendants permission in 1962 to use a portion of his property for gardening and that he never withdrew it.
The defendants' sole contention is that they adversely possessed that strip of the plaintiffs' property extending up to the iron rod and thereby reestablished the common boundary.
The trial court's judgment, in pertinent part, reads as follows:
 "This cause coming on to be heard on the Plaintiffs' Complaint, seeking the Order of the Court establishing and defining a true dividing line between the property owned by the Plaintiffs and the property owned by the Defendants, Answer of the Defendants and the Court having considered all of the pleadings in this case, and the court having made an on site inspection in this cause, as well as having considered all of the testimony and evidence presented in open Court, and based upon all of the foregoing the Court does find as follows:
 "The Court does find that the defendants' gardening and cultivation of the Plaintiffs' property has been with the Plaintiffs' consent and permission, the Plaintiff, Ralph Hamilton, having testified that he originally gave said permission around 1962, and that he has never withdrawn said permission until such time in 1984 when the Defendant, Henry Hollis Robinson, initiated conversation *Page 10 
with the said Plaintiff seeking to get the Plaintiffs' permission to get a survey in order to establish the true boundary line between the parties' properties.
 "It is therefore FOUND by the Court that the Defendants' possession of the disputed strip of gardening does not meet the conditions set out in Sylvest v. Stowers, [276 Ala. 695, 166 So.2d 423
(1964)], inasmuch as the Court finds that it is not exclusive, open and continuous for a period of ten (10) years, but rather was for a short period of time during each and every year with the permission of the Plaintiff.
 "It is therefore, ORDERED, ADJUDGED and DECREED by the Court that the true line between the Plaintiffs' and the Defendants' property [is] hereby established to the line depicted as the boundary line in the survey made by S.K. Alexander on the 22nd day of March, 1985, and attached to this Decree [as] Exhibit 1. [That is the survey appearing as an appendix to this opinion.]"
The issue that we must determine is whether the judgment of the trial court establishing the survey line as the true boundary was contrary to the weight of the evidence and the law.
At this point, we should note that where a trial court has heard ore tenus testimony, as in this case, its judgment based upon that testimony is presumed correct and will be reversed only if, after consideration of the evidence and all reasonable inferences to be drawn therefrom, the judgment is found to be plainly and palpably wrong. Thompson v. Hartford Accident Indemnity Co., 460 So.2d 1264 (Ala. 1984). Furthermore, where a trial court does not make specific findings of fact concerning an issue, this Court will assume that the trial court made those findings necessary to support its judgment, unless such findings would be clearly erroneous. Thomas v. Davis,410 So.2d 889 (Ala. 1982).
A boundary dispute is subject to a unique set of requirements that is a hybrid of the elements of adverse possession by prescription and statutory adverse possession. In such a dispute, coterminous landowners may alter the boundary line between their tracts by agreement plus possession for ten years or by adverse possession for ten years. Kerlin v. Tensaw Land Timber Co., 390 So.2d 616 (Ala. 1980).
In Mardis v. Nichols, 393 So.2d 976 (Ala. 1981), the Court stated:
 "In Carpenter v. Huffman, 294 Ala. 189, 314 So.2d 65 (1975), Justice Jones summarized the applicability of our adverse possession statute, Code 1975, § 6-5-200, to boundary disputes, as follows:
 "`The three alternative prerequisites 1) deed or other color of title, 2) annual listing of land for taxation, or 3) title by descent [cast] or devise from a predecessor, therefore, are not necessary to sustain a claim to title by a coterminous owner. Lay v. Phillips, 276 Ala. 273, 161 So.2d 477
(1964); Sylvest v. Stowers, 276 Ala. 695, 166 So.2d 423 (1964). That is to say, although the claimant is relieved of these three alternative conditions prescribed by [§ 6-5-200], he may still acquire title by the exercise of adverse possession for a period of ten years. Cambron v. Kirkland, 287 Ala. 531, 253 So.2d 180 (1971). However, the requirements that possession be open, notorious, hostile, continuous and exclusive are still applicable. Thompson v. Odom, 279 Ala. 211, 184 So.2d 120 (1966).'"
In the present case, the trial court found that the defendants' use of the plaintiffs' property for gardening was at all times permissive. That finding is supported by Ralph Hamilton's testimony. It is well settled that an entry onto, and possession of, land under permission of the owner will not ripen into title by adverse possession. Enterprise Lodge No.352 of Knights of Pythias, Inc. v. First Baptist Church,292 Ala. 579, 298 So.2d 17 (1974).
However, the defendants argue that the trial court erred in establishing the boundary *Page 11 
line as it did, because, they say, in doing so it failed to consider all of the evidence tending to show adverse possession, specifically the laying of field lines and the planting and maintenance of the fruit trees.
There is no evidence in the record which tends to show that the plaintiffs were ever made aware that any underground field lines crossed over onto their property. The defendants bore the burden of proving the existence of every element of adverse possession by clear and convincing evidence. Boren v. Roberts,423 So.2d 208 (Ala. 1982). Since the trial court did not specifically mention any field lines in its judgment, we assume that the trial court found that the defendants failed to establish an "open" possession. See 3 Am.Jur.2d, AdversePossession, §§ 47 and 48 (1962).
Neither did the trial court mention the fruit trees in its judgment. It was undisputed between the parties that the fruit trees belonged to the defendants and that they maintained them. While we consider that the planting and maintenance of fruit trees on the property of another may, under certain circumstances, be taken as acts of possession for the purpose of establishing title by adverse possession, in this instance they do not dictate reversal of the trial court's judgment.
The testimony was inconclusive as to when the fruit trees were actually planted. Photographs introduced into evidence do show the size of the trees, and the survey indicates their trunk diameters. However, we view the evidence as a whole to be insufficient to meet the defendants' burden of proving an adverse possession for ten years and we assume that the trial court so found.
Furthermore, Ralph Hamilton testified, and the trial court found, that the defendants' use of the plaintiffs' property for gardening purposes was permissive.
Sybil Hamilton also testified as follows:
 "Q. When, ah, shortly after Mr. and Mrs. Robinson built their home, did you and your mother and daddy and Mrs. Robinson have a conversation concerning the property?
"A. Yes.
"Q. Where did that take place?
 "A. It took place in his garden right about where the fruit trees are now. We were standing right about there."
(Emphasis added.)
The trial court could have reasonably inferred from the testimony, as well as from the close proximity of the fruit trees to the garden (see survey), that Ralph Hamilton originally gave permission for the defendants to use a portion of his property for a garden and that the defendants used the northern part of that area for planting fruit trees instead. There was credible evidence from which the trial court could have found that the planting and maintenance of the fruit trees was permissive. Francis v. Tucker, 341 So.2d 710 (Ala. 1977). The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur. *Page 12 
[EDITORS' NOTE: APPENDIX IS ELECTRONICALLY NON-TRANSFERRABLE.]