INGRAM, Judge.
The plaintiffs sued the defendant in district court, alleging that the defendant operated her automobile negligently and/or wantonly, causing it to collide with the plaintiffs’ automobile. After an adverse ruling in district court, the plaintiffs appealed to the circuit court for a trial de novo. After considering the pleadings and testimony presented in open court, the circuit court also ruled in favor of the defendant. The plaintiffs now appeal to this court.
The sole issue on appeal is whether the judgment of the trial court was plainly and palpably wrong, without supporting evidence, or manifestly unjust, considering the evidence and all reasonable inferences to be drawn therefrom.
At the outset, we note that where the trial court has heard the testimony ore terms, its judgment based upon that testimony is presumed correct and will be reversed only if the judgment is found to be plainly and palpably wrong. Robinson v. Hamilton, 496 So.2d 8 (Ala.1986). Further, where the trial court does not make specific findings of fact, this court will assume that the trial court made those findings necessary to support its judgment, unless such findings would be clearly erroneous. Robinson, supra.
The facts in pertinent part reveal the following: The plaintiffs’ automobile was traveling west on University Drive and was making a left turn onto Henderson Drive. The defendant was traveling east in her automobile on University Drive and was attempting to make a right turn onto Henderson Drive. At this point, the plaintiffs’ automobile and the defendant’s automobile collided.
Plaintiffs argue that the defendant was not in a “turn lane,” but instead was on the shoulder of the road and therefore was negligent, as she did not yield to the plaintiffs’ automobile. The defendant contends, however, that she was in a turn lane for east-bound right-turn traffic and was not negligent.
As noted above, the trial court ruled in favor of the defendant and dismissed plaintiffs’ complaint for negligence, and there is a presumption of correctness afforded this finding. Robinson, supra. After a review of the record, we find that there was evidence from which the court could have concluded that University Drive has an east-bound right-turn lane and that the defendant was therefore not negligent in turning from this lane.
There was testimony that within a block of the intersection in question there was an arrow indicating that the lane in which the defendant was traveling was a turn lane. Further, the testimony was that there was no marking to indicate that the lane was no longer a turn lane. There was also testimony that this lane in question is regularly used by east-bound traffic on University Drive as a turn lane. Finally, the court viewed a film prepared by the Alabama Highway Department of the roadway in question and had the opportunity to make a determination of whether or not the lane was, in fact, a “turn lane.”
Therefore, in view of the above and mindful of the presumption of correctness, we affirm the trial court.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.