ADAMS, Justice.
This appeal arises from a challenge to an election regarding the annexation of Roosevelt City, Alabama, into the City of Birmingham, Alabama. The trial court denied the appellants’ contest of the election. We affirm.
On July 12, 1988, a special election was held pursuant to a court order on the question of whether the citizens of Roosevelt City were in favor of being annexed into the City of Birmingham. The city clerk of Roosevelt City failed to canvass the election, and the city council of Roosevelt City did not act to declare the results of the election as required by Ala.Code 1975, § 11-46-55. On August 17,1988, pursuant to a court order, the election was certified by the city council of Roosevelt City, Alabama. The annexation carried by almost a two-to-one margin, with 718 votes cast in favor of annexation and 404 votes cast against the annexation.
On August 22, 1988, the appellants, qualified electors of Roosevelt City, Alabama, *91 initiated a contest of the election, alleging various instances of misconduct. The appellants claimed that certain persons, including employees of the Jefferson County sheriffs department who supervised the election, harassed and intimidated numerous voters in an attempt to persuade them to vote in favor of the annexation. The appellants contend that if those persons’ votes were excluded, then the number of legal votes cast for annexation would be below the number of legal votes cast against annexation.
The trial court held an expedited hearing, as required by Ala.Code 1975, § 17-15-29, on September 7, 1988, and denied the appellants’ request to declare the annexation election illegal and void. After a denial of a post-judgment motion, appellants filed a notice of appeal to this Court.
This case was heard by the trial court sitting without a jury. Where the trial court has heard ore tenus testimony, its judgment based upon that testimony is presumed correct and will be reversed only if, after consideration of the evidence and all reasonable inferences to be drawn therefrom, the judgment is found to be plainly and palpably wrong. Moore v. Williams, 519 So.2d 1337 (Ala.1988); Robinson v. Hamilton, 496 So.2d 8 (Ala.1986).
The standards for contesting the results of an annexation election are found at § 11-42-125. That section provides:
“(a) The mayor of the city or town shall cause the ballots to be used in such election to be printed with the following words thereon: ‘Shall the agreement for the annexation of [Roosevelt City] to [the City of Birmingham] be ratified?’ and printed on the ballot with the above quoted words immediately thereunder the words ‘Yes’ and ‘No,’ and the elector shall designate his choice by marking with ink or pencil a cross mark (x) in a place to be left before the word expressing his wish. The ballots provided under the terms of this division need not be of any particular size, form or color.
“(b) The result of the election shall be ascertained in the same manner that the result of the election of city or town officers is ascertained, and the election may be contested in the same manner as is provided for the contest of the election of any city or town officers.”
The appellants sought to have the election declared null and void. Section 11-46-69 specifies five grounds upon which a qualified elector may contest an election:
“(1) Misconduct, fraud or corruption on the part of any election official, any marker, the municipal governing body or any other person;
“(2) The person whose election to office is contested was not eligible thereto at the time of such election;
“(3) Illegal votes;
“(4) The rejection of legal votes; or
“(5) Offers to bribe, bribery, intimidation or other misconduct calculated to prevent a fair, free and full exercise of the elective franchise.”
Annulment of elections, however, is limited by the provisions of § 11-46-71:
“No misconduct, fraud or corruption on the part of the election officers, the marker, the municipal governing body or any other person, nor any offers to bribe, bribery, intimidation or other misconduct which prevented a fair, free and full exercise of the elective franchise can annul or set aside any municipal election unless the person declared elected and whose election is contested shall be shown not to have received the requisite number of legal votes for election to the office for which he was a candidate thereby, nor must any election contested under the provisions of this article be annulled or set aside because of illegal votes given to the person whose election is contested unless it appears that the number of illegal votes given to such person, if taken from him, would reduce the number of votes given to him below the requisite number of votes for election. No election shall be annulled or set aside because of the rejection of legal votes unless it appears that such legal votes, if given to the person intended, would increase the number of his legal votes to or above the requisite number of votes for election.”
*92 The annulment of an election, under § 11-46-71, requires either proof of illegal votes, proof of rejected legal votes, or proof of the failure of the contestee to receive the requisite number of legal votes. Moreover, errors and irregularities of election officers that are shown not to have affected the election result will not be considered in an election contest. Turner v. Cooper, 347 So.2d 1339, 1344 (Ala.1977); 29 C.J.S. Elections § 249 (1966). Threats, violence, or disturbances not materially affecting the result should not invalidate an election.
We have reviewed the record. The trial court, without making specific findings of fact, denied the appellants’ contest of the annexation election. The annexation carried, with 718 votes cast in favor and 404 cast against. We cannot say that the trial court’s decision was plainly and palpably wrong; the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.