The defendant, Robert Edward Pitman, appeals from a judgment in favor of Flanagan Lumber Company, Inc. ("Flanagan"), in this action to recover a debt incurred by Ramsey Homebuilders, Ltd. ("Ramsey Homebuilders"). We affirm.
Pitman was one of two limited partners in Ramsey Homebuilders, a limited partnership that engaged in the business of residential construction. Michael C. Ramsey was the sole general partner in that partnership. Because Ramsey had a poor credit history, he was unable to borrow the money or obtain the credit that was needed to sustain the partnership's business. Pitman, who had a personal account with Flanagan, contacted Wilburn Moore, Flanagan's credit manager, and secured an account in the partnership's name. After the partnership failed to pay the account, Flanagan sued Pitman, alleging that, although Pitman was a limited partner in Ramsey Homebuilders, he was responsible for the partnership's debt under Ala. Code 1975, § 10-9A-42, which reads, in pertinent part, as follows:
 "(a) Except as provided in subsection (d), a limited partner is not liable for the obligations of a limited partnership unless he is also a general partner or, in *Page 1336 
addition to the exercise of his rights and powers as a limited partner, he takes part in the control of the business. However, if the limited partner's participation in the control of the business is not substantially the same as the exercise of the powers of a general partner, he is liable only to persons who, with actual knowledge of his participation in control and-in reasonable reliance thereon, transact business with the partnership.
 "(b) A limited partner does not participate in the control of the business within the meaning of subsection (a) solely by doing one or more of the following:
 "(1) Being a contractor for or an agent, attorney-at-law, or employee of the limited partnership or of a general partner, or an officer, director, or shareholder of a general partner;
 "(2) Consulting with and advising a general partner with respect to the business of the limited partnership or examining into the state and progress of the partnership business;
 "(3) Acting as surety or guarantor for any liabilities for the limited partnership;
 "(4) Approving or disapproving an amendment to the partnership agreement; or
 "(5) Voting on one or more of the following matters:
 "(i) The dissolution and winding up of the limited partnership;
 "(ii) The sale, exchange, lease, mortgage, pledge, or other transfer of all or substantially all of the assets of the limited partnership other than in the ordinary course of its business;
 "(iii) The incurrence of indebtedness by the limited partnership other than in the ordinary course of its business;
 "(iv) A change in the nature of the business; or
"(v) The removal of a general partner.
 "(c) The enumeration in subsection (b) does not mean that the possession or exercise of any other powers by a limited partner constitutes participation by him in the business of the limited partnership."
After hearing ore tenus evidence, the trial court found that Pitman had participated in the control of the business by interceding on the partnership's behalf to secure credit; that Flanagan had reasonably relied upon that participation in extending credit; and, therefore, that Pitman was liable to Flanagan for the debt subsequently incurred by the partnership.
Pitman argues that the evidence does not support the trial court's finding that he participated in the control of the partnership's business. He argues instead that, if anything, he was operating within the waters of the "safe harbor" provided by § 10-9A-42(b)(3) when he contacted Flanagan. He also contends that he had no written agreement with Flanagan to pay the partnership's account and, therefore, that under Ala. Code 1975, § 8-9-2, he cannot be held responsible for the debt.
Section 8-9-2, in pertinent part, provides:
 "In the following cases, every agreement is void unless such agreement or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing:
". . . .
 "(3) Every special promise to answer for the debt, default or miscarriage of another;. . . ."
Flanagan contends, however, that the evidence supports the trial court's finding that Pitman participated in the control of the partnership's business. Furthermore, Flanagan argues, § 8-9-2 is not applicable because the judgment was not predicated upon an agreement between it and Pitman to pay the partnership's account, but, instead, upon Pitman's loss of limited partner status under § 10-9A-42. We agree.
Where a trial court has heard ore tenus evidence, as in this case, its findings, if supported by the evidence, are presumed correct, and its judgment based upon those findings will be reversed only if, after consideration of the evidence and all reasonable *Page 1337 
inferences to be drawn therefrom, the judgment is found to be plainly and palpably wrong. Robinson v. Hamilton, 496 So.2d 8
(Ala. 1986).
"Control" is defined in Black's Law Dictionary (5th ed. 1979) as the "[p]ower or authority to manage, direct, superintend, restrict, regulate, govern, administer, or oversee." In the present case, the evidence showed that Pitman interceded on behalf of the partnership in order to secure an account with Flanagan. The trial court could have found from this evidence that Pitman participated in the "control" of the partnership's business by securing one of the things that the partnership needed to survive — a source of building materials that would be provided on credit.[1] Furthermore, the evidence supports the trial court's finding that Flanagan reasonably relied on Pitman's participation in the partnership's business by extending credit to the partnership. The trial court's judgment was not plainly and palpably wrong.
With regard to Pitman's second contention (i.e., that § 8-9-2
protects him from liability because he had no written agreement with Flanagan to pay the partnership's debt), the trial court did not adjudge Pitman liable on the ground that he had an agreement with Flanagan to pay the account, but on the ground that he had lost his limited partner status under § 10-9A-42, and, therefore became liable as a general partner for the partnership's debt under Ala. Code 1975, §§ 10-9A-62 and 10-8-52. For the foregoing reasons, the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and KENNEDY, JJ., concur.
[1] Although it does not appear to us that any argument concerning this point was made to the trial court, we note that the evidence does not support a finding that Pitman was "[a]cting as surety or guarantor for any liabilities for the limited partnership," § 10-9A-42(b)(3), when he contacted Flanagan. To the contrary, the only reasonable inference that could have been drawn from the evidence was that Pitman never intended to assume responsibility for the partnership's debt.