Sundance Marina, Inc. ("Sundance"), sued Harold Reach and Deborah Taft-Reach to recover possession of certain property that the Reaches occupied under an agreement between the parties dated December 22, 1982, and to recover $2,500, plus interest and attorney fees, for alleged past due rents, taxes, and water service. On March 23, 1989, the trial court, hearingore tenus testimony, entered the following order:
 "[Sundance] and [the Reaches] entered into a lease-sale agreement dated the 22nd day of December, 1982, for lands located in St. Clair County, whereby [the Reaches] paid Fifteen Thousand and no/100 ($15,000.00) Dollars down and agreed to pay [Sundance] 120 monthly installments of Two Hundred Eighty-six and 95/100 ($286.95) Dollars each month together with their pro-rated share of the property taxes and a reasonable charge for water service, not to exceed Thirty Dollars ($30.00) per quarter.
 "The Court further finds that [the Reaches] entered into the property and made substantial improvements to the property; that a dispute arose as to the monthly payment, taxes and water bill; that [Sundance] notified [the Reaches] on the 15th day of May, 1986, to vacate the property for failure to make rental payment and property tax payment as the same became due.
 "The Court further finds that if [the Reaches] were late on their monthly payments, that [Sundance] had accepted this pattern for some period of time; that [the Reaches] offered to continue to make the monthly payments as they became due, but said payments were refused by [Sundance]. *Page 1323 
 "After consideration of all the ore tenus testimony, the Court finds that [the Reaches] are obligated to pay [Sundance] Two Hundred Eighty-six and 95/100 ($286.95) Dollars for the month of February, 1986, to the present time. The Court further finds that the property taxes are due for the years of 1985, 1986, 1987 and 1988 in the amount of Two Hundred Dollars ($200.00) per year. The Court further finds that [the Reaches] owe to [Sundance] for the years 1985, 1986, 1987 and 1988, Thirty Dollars ($30.00) per quarter of each of the above years.
"It is therefore,
 "ORDERED, ADJUDGED AND DECREED that the relief prayed for in [Sundance's] complaint [to recover possession of certain property] is denied.
 "It is further ORDERED, ADJUDGED AND DECREED that [the Reaches] shall pay to [Sundance] the sum of Ten Thousand Nine Hundred Four and 10/100 ($10,904.10) Dollars, plus Twelve Percent (12%) interest which represents the total amount due from February, 1986.
 "It is further ORDERED, ADJUDGED AND DECREED that [the Reaches] shall pay to [Sundance] One Thousand Two Hundred Eighty and no/100 ($1,280.00) Dollars, plus Twelve Percent (12%) interest, which represents taxes and water service from 1985.
 "It is further ORDERED, ADJUDGED AND DECREED that [the Reaches] shall have sixty (60) days from date of this decree to pay all sums due [Sundance]. If said sums are not paid along with the regular monthly payment, [the Reaches] shall forthwith vacate said premises at the end of said sixty (60) day period.
 "It is further ORDERED, ADJUDGED AND DECREED that upon [the Reaches'] compliance with the terms of this decree that the contract entered into on the 22nd day of December, 1982, by and between [Sundance] and [the Reaches] shall remain in full force and effect until the completion of the term of the contract as set out within the contract.
 "It is further ORDERED, ADJUDGED AND DECREED that [the Reaches] shall pay the cost of court for which execution may issue."
On May 30, 1989, because the Reaches had failed to make any payments, Sundance filed the following motion to enforce the order:
 "Comes [Sundance] in the above styled cause and pursuant to this Court's order of March 23, 1989, . . . moves the Court to order the Sheriff of St. Clair County to remove [the Reaches] from the property known as Lodge # 1 of Sundance Marina and to enter judgment against them for all back rent, water service, and property taxes plus accrued interest for which execution may issue and as grounds therefore shows as follows:
 "1. That this Court's order of March 23, 1989, gave [the Reaches] sixty (60) days from the Court's decree to pay all sums due [Sundance].
 "2. That more than sixty (60) days has passed and [the Reaches] have failed to make any payments to [Sundance] as ordered in the Court decree, nor have they paid their regular monthly payment owed to [Sundance] pursuant to the agreement between the parties.
 "3. That [the Reaches] have not vacated the above described property."
On June 8, 1989, the trial court granted the motion to enforce. Thereafter, the Reaches filed a motion to stay the order to vacate. On June 29, 1989, the trial court, hearingore tenus testimony, granted the Reaches' motion to stay the order to vacate, stating that it was treating that motion as a Rule 60(b), Ala.R.Civ.P., motion. In doing so, the trial court entered the following order:
 "This cause came on to be heard on the Motion to Enforce Order filed by [Sundance] and Motion To Stay Order to Vacate filed by [the Reaches] and after a hearing before the Court on the 22nd day of June, 1989, and after hearing the evidence with regard to the Motion to Stay Order to Vacate, the Court finds that the *Page 1324 
Motion to Stay the Order to Vacate is due to be granted and that the Court is treating said Motion as a Rule 60(b) [motion] as provided for by the Alabama Rules of Court which authorizes [relief] from judgments entered by the Court.
 "The Court finds that the failure of [the Reaches] to pay into the Court the monies as called for under the original decree is excusable neglect due to the confusion over the amount of money that was ordered to be paid. That from the testimony taken, [the Reaches], due to the action taken by [Sundance] in cashing certain checks, were confused as to how much money they should pay in accordance to [sic] the Order, and the Court is of the opinion that [the Reaches] should be granted additional time to pay the amount of money due as shown by the evidence. It is therefore
 "ORDERED, ADJUDGED and DECREED that [the Reaches] shall pay into the Court in addition to what they have already paid, the sum of Three Thousand Six Hundred Nineteen and No/100 Dollars ($3,619.00) and in addition thereto, shall pay the monthly payment for the month of June, 1989, in the amount of Two Hundred Eighty-six and 95/100 Dollars ($286.95) and in addition thereto shall pay the water bill for the month of June, 1989, in the amount of Thirty and No/100 Dollars ($30.00). Said sums shall be paid on or before the 3rd day of July, 1989, and shall be paid to the Clerk of the Court.
 "It is further ORDERED, ADJUDGED and DECREED that all other provisions of the Decree entered on the 23rd day of March, 1989, shall remain in full force and effect, except with regard to the terms which this decree has modified."
Sundance appeals.
Under the ore tenus rule, the trial court's judgment, where supported by the evidence, is presumed correct and should be reversed only if the judgment is found to be plainly and palpably wrong, after a consideration of all the evidence and after drawing all inferences that can logically be drawn from the evidence. See American Casualty Co. v. Wright,554 So.2d 1015 (Ala. 1989); City of Birmingham v. Sansing Sales ofBirmingham, Inc., 547 So.2d 464 (Ala. 1989); King v. TravelersIns. Co., 513 So.2d 1023 (Ala. 1987); Robinson v. Hamilton,496 So.2d 8 (Ala. 1986); see, also, Meeks v. Hill, 557 So.2d 1238
(Ala. 1990). Where a trial court does not make specific findings of fact concerning an issue, we will assume that the trial court made those findings necessary to support its judgment, unless such findings are clearly erroneous. Robinson v.Hamilton, supra.
The issue before us is whether the trial court's finding that the Reaches' failure to pay the sums of monies owed as called for under the original order was due to excusable neglect was plainly and palpably erroneous.
The trial court heard the following evidence:
The Reaches testified that pursuant to the trial court's original order of March 23, 1989, they planned to pay the monies due, including the monthly rental payments for the months of April and May, to the clerk of the court prior to the expiration of the 60-day period. However, they said, 3 or 4 days prior to the expiration of that period, they learned that, within 10 days from the date that the trial court entered its original order, Sundance had cashed certain of their checks that it had been holding since 1986 and that it had stated under oath that it did not intend to cash. The evidence reveals that Sundance at no time notified the Reaches or their attorney that it was negotiating those checks. The Reaches further testified that, because Sundance had negotiated those checks, they were confused as to the amount they still owed. Because of their confusion, the Reaches said, they tried to contact their attorney but were at first unsuccessful due to their attorney's busy court schedule and the Memorial Day weekend. They said they finally succeeded in reaching their attorney on June 2, 1989, and that, based on his advice, they deducted the amount of the checks that Sundance had negotiated and then mailed the balance *Page 1325 
due to the clerk of the court. The clerk returned the Reaches' checks, informing them that personal checks were unacceptable and that funds had to be in the form of money orders or cashier's checks. Consequently, on June 12, 1989, the Reaches submitted cashier's checks to the clerk.
Based on this evidence, the trial court treated the Reaches' motion to stay the order to vacate as a Rule 60(b), Ala.R.Civ.P., motion and found that the Reaches' failure to timely pay the monies owed within the 60-day period pursuant to the original order was a result of confusion over the additional amount to be paid, and that that confusion was due to Sundance's negotiation of certain checks subsequent to the trial court's order.
The nomenclature of a motion is not controlling; see Ex parteHartford Ins. Co., 394 So.2d 933 (Ala. 1981). The label that one places on a motion is of little importance. See Rebel Oil Co.v. Pike, 473 So.2d 529 (Ala.Civ.App. 1985). Although the Reaches did not label their motion as a Rule 60(b) motion, they definitely asserted in the body of the motion, and as support for the motion, that they were seeking relief from the original judgment by way of Rule 60(b), and they stated a proper ground for Rule 60(b) relief. Thus, the trial court correctly treated the motion as a Rule 60(b) motion.
This Court has written:
 " 'A strong presumption of correctness attaches to the trial court's determination of a motion made pursuant to Rule 60(b), and the decision whether to grant or deny the motion is within the sound discretion of the trial judge, and the appellate standard of review is whether the trial court abused its discretion. Pierson v. Pierson, 347 So.2d 985 (Ala. 1977). In reviewing a ruling of a trial court on a Rule 60(b)(6) motion, the trial court's decision will not be disturbed unless it is determined 'that there is an absence of reasonable cause, that rights of others subsequently arising would be adversely affected, or that it is unjust.' "
Ex parte Dowling, 477 So.2d 400, 402-03 (Ala. 1985). (Citations omitted.)
After carefully reviewing the record and the briefs, we conclude that the trial court could have found from the evidence presented that, due to Sundance's actions in cashing certain checks previously given to Sundance by the Reaches, the Reaches were confused as to the amount they should pay in accordance with the original order, and could have concluded that the Reaches should be granted additional time to determine the exact amount of money they owed under the trial court's order of March 23, 1989. Thus, the trial court did not abuse its discretion in granting Sundance's Rule 60(b) motion.
We note Sundance's argument concerning the additional time that the trial court gave the Reaches in which to make the monthly rental payments for April and May, which payments, Sundance contends, the Reaches were required to pay on the first of each month in accordance with the parties' original agreement and with the trial court's original order. Because the trial court, in the instant case, did not specifically address the issue of the monthly rental payments for April and May, we assume that it made those findings necessary to support its judgment. See Robinson v. Hamilton, supra.
The order granting the Rule 60(b) motion is affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and KENNEDY, JJ., concur.