INGRAM, Justice.
This is an appeal from a judgment upholding certain inter vivos conveyances of J. Cecil Hoppes in an action brought by Lawrence Edwin Hoppes, as the executor of the estate of J. Cecil Hoppes.
J. Cecil Hoppes died on December 13, 1986, and his will was admitted to probate in Baldwin County, Alabama. In his will, *223 the decedent divided all of his property, both real and personal, among his four children, the appellees here.
After obtaining an order removing the probate of the will to the circuit court, Lawrence Hoppes filed a complaint against the appellees, alleging that certain inter vivos conveyances transferring the bulk of the decedent’s real property to the appel-lees were the result of undue influence upon the decedent by the appellees, and that the decedent lacked the competence to execute the instruments by which the conveyances were made. Hoppes asked the circuit court to cancel the conveyances or to value the property conveyed and find that the conveyances had been intended by the decedent as partial or total satisfaction of the devises made to the appellees under the terms of the decedent’s will.
After a nonjury trial, the trial court entered a judgment for the appellees, based upon the following holding:
“1. The court finds from the evidence, which was in sharp conflict, that the plaintiff [Lawrence Edwin Hoppes] has failed to meet the burden of proof to entitle him to relief under any theory embraced within the pleadings.”
Lawrence Edwin Hoppes appeals, maintaining that the trial court’s judgment was plainly erroneous and manifestly unjust. We disagree.
During the 2 days of testimony in the trial of this case, the trial court heard and saw 14 witnesses, examined 25 exhibits, and reviewed the deposition testimony of another witness unavailable for trial. Pri- or to trial, the trial court examined the various pleadings in the case, which included a motion for summary judgment and the affidavits in support of that motion and those in opposition to it.
The appellant, executor Lawrence Edwin Hoppes, limits his challenge of the judgment to “plainly erroneous and manifestly unjust” grounds. The issue restated, then, is whether the trial court’s judgment, based on its finding of fact, is so against the great weight and preponderance of the evidence as to be manifestly unjust.
Our review of the entire record confirms the trial court’s holding that the evidence was inadequate to satisfy Lawrence Hoppes’s burden of proof. For this Court to substitute its judgment for that of the trial court would be a clear violation of the well-known applicable standard of review:
“[WJhere a trial court has heard ore ten-us evidence, its judgment based upon that evidence is presumed correct and will be reversed only if, after consideration of the evidence and all reasonable inferences to be drawn therefrom, the judgment is found to be plainly and palpably wrong. Furthermore, where a trial court does not make specific findings of fact concerning an issue, this Court will assume that the trial court made those findings necessary to support its judgment, unless such findings would be clearly erroneous.”
Knox Kershaw, Inc. v. Kershaw, 552 So.2d 126, 128 (Ala.1989). See also Sundance Marina, Inc. v. Reach, 567 So.2d 1322 (Ala.1990).
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.