HOUSTON, Justice.
Fred T. Jones, Sr., sued Nena E. Thomas and John Wayne Davis, alleging, in part, that he had lent them $25,000 to start a business and that they had refused to repay him. Thomas and Davis answered by saying that they had entered into a partnership with Jones; that Jones had contributed $25,000 to that partnership; and that Jones was entitled to reimbursement from the partnership’s assets only to the extent of his interest therein. The trial court entered the following judgment:
“This [nonjury] cause came to be heard ... on the 2nd day of August, 1990. Fred Jones and Nena Thomas appeared in court with their counsel and the trial was commenced. The Defendant John Wayne Davis died prior to the trial and the other parties agreed to go forward without substituting his estate.
“After hearing the testimony presented by the parties and reviewing the documents introduced, this court makes the following determination:
“1) That John Wayne Davis, Nena Thomas, and Fred Jones entered into a partnership agreement as evidenced by the written agreement signed by them on April 25, 1987.
“2) That Fred Jones made capital contributions of money and purchases equal to $25,000.00; that John Wayne Davis made capital contributions of his time in managing and running the business and using his expertise equal to $25,000.00; and Nena Thomas made capital contributions of her time in managing and running the business and using her expertise equal to $25,000.00.
“3) A dissolution of the Partnership was caused by the filing of this lawsuit by Fred Jones on April 19, 1989.
“THEREFORE BE IT ORDERED, ADJUDGED AND DECREED that Nena Thomas file an accounting of the Partnership assets and liabilities from April 19, 1989, through August, 1990. That all partnership assets be immediately liquidated at reasonable values.
“That after liquidation and a complete accounting is made the funds shall be applied to:
“1) Pay creditors other than partners.
“2) That if any funds remain then they shall be equally divided between the partners with Fred Jones receiving a ⅛ share.”
Jones appealed.
It is well established that when a trial court has heard ore tenus evidence, as in this case, its judgment based upon that evidence is presumed to be correct and will be reversed only if, after a consideration of the evidence and all reasonable inferences to be drawn therefrom, the reviewing court finds to be clearly erroneous. Robinson v. Hamilton, 496 So.2d 8 (Ala.1986).
After carefully reviewing the record, as well as the briefs of the parties, we conclude that the judgment is not clearly erroneous. Accordingly, the judgment is due to be, and it hereby is, affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ„ concur.