RUSSELL, Judge.
In September 1987 Sherman Holland and the Meadowlark South Company (Meadowlark) filed suit seeking to enjoin the City of Alabaster (City), Mayor Roger N. Wheeler, the Alabaster City Council (Council), and acting Council members from enforcing a comprehensive zoning ordinance, which Holland and Meadowlark alleged was improperly enacted in 1986. Contending that the City failed to provide the statutorily required notice of a public hearing before adoption of the ordinance, Holland and Meadowlark also requested a judicial declaration that the ordinance was void.
Following presentation of the case in ore tenus proceedings held before the Shelby County Circuit Court on May 5, 1990, and October 17, 1990, the trial court granted the City’s motion to dismiss pursuant to Rule 41(b) of the Alabama Rules of Civil Procedure. Holland, alone, appeals. We affirm.
The dispositive issue on appeal is whether the trial court was in error when it granted the City’s motion to dismiss.
We note initially that Rule 41(b), A.R.Civ.P., is to be read in conjunction with the ore tenus rule. Stroupe v. Beasley, 549 So.2d 15 (Ala.1989). Therefore, a trial court’s ruling on a Rule 41(b) motion in a *484 nonjury case need only be supported by credible evidence and will not be set aside unless it is clearly erroneous or palpably wrong or unjust. Peterson v. Jefferson County, 372 So.2d 839 (Ala.1979).
The record reveals that on October 16, 1986, the Council held a public meeting at which it adopted a comprehensive zoning ordinance for the City of Alabaster and repealed a zoning ordinance that had been adopted the previous year. Prior to the Council meeting, notices of a scheduled hearing for the consideration of the zoning ordinance were posted in four public places within the City of Alabaster: City Hall, the Water and Gas Board, the public library, and the United States Post Office. Testimony adduced at trial indicated that Holland was in attendance at the meeting.
Holland contends that the City failed to give notice of the Council meeting in accordance with § 11-52-77, Ala.Code 1975, which provides, in pertinent part, as follows:
“No ordinance shall be passed by any municipal corporation under the authority of this article unless and until the proposed ordinance has been published in full for one insertion and an additional insertion of a synopsis of the proposed ordinance, one week after the first insertion, which synopsis shall refer to the date and name of the newspaper in which the proposed ordinance was first published; both such insertions shall be at least 15 days in advance of its passage and in a newspaper of general circulation published within the municipality or, if there is no such newspaper, then by posting the proposed ordinance in four conspicuous places within the municipality, together with a notice stating the time and place that the ordinance is to be considered by the municipal legislative authorities and stating further that at such time and place all persons who desire shall have an opportunity of being heard in opposition to or in favor of such ordinance.”
(Emphasis added.) Specifically, Holland maintains that the City failed to pass the ordinance in conformity with § 11-52-77 because it did not give notice of the meeting in the Shelby County Reporter (the Reporter), a newspaper that Holland asserts is one of general circulation published and circulated within the municipality of Alabaster. Holland also maintains that regardless of the means by which the City was required to provide such notice, the City nonetheless failed to give the notice at least 15 days in advance of passage of the ordinance, as also required by the statute.
In Vick v. Bishop, 252 Ala. 250, 40 So.2d 845 (1949), our supreme court explained what is meant by the term “publish”:
“That such was the intent of the legislature is made clear when the distinction between 'print’ and ‘publish’ is kept in mind. A newspaper is published at the place where it is entered in the post office and where it is first put in circulation, and not at the place where it is printed (set up in type).”
252 Ala. at 253, 40 So.2d at 848.
Upon careful review of the record, we find that Holland failed to establish that the Reporter was published in the municipality of Alabaster. At trial, Holland called Ken Price, editor and publisher of the Reporter, as a witness. Price, who became editor of the paper in 1990, testified that he had no personal knowledge relating to the publication of the newspaper during the time relevant to this appeal. Holland was unable to elicit any other evidence as to the paper’s place of mailing or distribution when the ordinance was passed. Additional evidence at trial indicated that the Reporter*s mailing address and the headquarters of the general business office of its publisher have always been in Columbiana, Alabama, which is not within the city limits of Alabaster. At best, Holland was able to establish that the Reporter was a newspaper of general circulation within the City of Alabaster and that it is published within Shelby County; however, § 11-52-77 clearly provides that the newspaper of general circulation also be published within the municipality.
We further find that Holland failed to establish that the City did not give notice of the Council meeting at least 15 days in *485 advance of passage of the ordinance, as required by § 11-52-77. In his brief, Holland recounts the testimony of Mayor Roger N. Wheeler, who stated at trial that he personally observed the posting of four public notices of the Council meeting at least prior to a week before the hearing on October 16, 1986. Holland then interprets Mayor Wheeler’s testimony to mean that the notices were not posted at least 15 days prior to the meeting. However, this is a mere inference on the part of Holland and is certainly not the only reasonable interpretation of the testimony. No direct evidence was presented at trial that the notices were posted less than 15 days before the meeting. The trial court, hearing evidence presented ore tenus, is the proper party to draw the necessary inferences from such testimony. Robinson v. Hamilton, 496 So.2d 8 (Ala.1986). The trial court could have reasonably inferred from the testimony that the notices were posted, as required, at least 15 days prior to the Council meeting. Where a trial court does not make specific findings of fact concerning an issue, this court will assume that the trial court made those findings necessary to support its judgment, unless such findings would be clearly erroneous. Id.
In view of the above, especially in light of our standard of review in such cases, we find that the trial court’s ruling on the City’s Rule 41(b) motion is supported by credible evidence and is not clearly erroneous or palpably wrong or unjust. This case is due to be affirmed.
AFFIRMED.
THIGPEN, J., concurs.
ROBERTSON, P.J., dissents.