INGRAM, Justice.
The plaintiffs, resident citizens and qualified electors of Macon County, Alabama, appeal the dismissal of their election contest and quo warranto actions, which challenged the results of a referendum held to determine whether the ad valorem tax rate in Macon County would be increased by an additional 10 mills. The proposed additional tax revenue was earmarked for the schools of Macon County. The special tax increase passed by a margin of 17 votes out of a total of 4,277 votes cast.
The plaintiffs challenged the results, based upon the following factual allegations in their complaint: (1) the question portion of the ballot describing the proposed tax increase was missing from the ballots in two voting machines; (2) two voting machines were not locked and secured after the polls closed; (3) three machines were not sealed after the election; and (4) 17 machines were not properly sealed after the election. The trial court dismissed the complaints, and the plaintiffs appeal.
In reviewing a dismissal, this Court will liberally construe the pleadings and will affirm the trial court’s dismissal only if it appears beyond a doubt that the plaintiff can prove no set of facts entitling him to relief. Winn-Dixie Montgomery v. Henderson, 371 So.2d 899 (Ala.1979). This Court does not consider whether the plaintiff will ultimately prevail, only whether he has stated a claim under which he may possibly prevail. Fontenot v. Bramlett, 470 So.2d 669, 671 (Ala.1985).
The validity of an election, which may be contested under a provision of the Alabama Code, cannot be tried under the provisions governing quo warranto proceedings. § 6-6-598, Ala.Code 1975.
“Any and all elections held for the purpose of determining whether a tax shall be levied in the county or school district of the county for public school purposes ... may be contested on the same grounds and in the same manner as is provided by general law for the contest of elections of county officers, and all laws governing the grounds, conduct and determination of contests of election of county officers shall govern contests authorized by this section.”
§ 16-1-17, Ala.Code 1975. Because the validity of this election can be contested under other provisions of the Code, we hold that the plaintiffs’ quo warranto action was properly dismissed.
The plaintiffs’ other action contested the election. Section 17-15-1 specifies five grounds upon which a qualified elector may contest an election:
“(1) Malconduct, fraud or corruption on the part of any inspector, clerk, marker, returning officer, board of supervisors or other person.
“(2) When the person whose election to office is contested was not eligible thereto at the time of such election.
“(3) On account of illegal votes.
“(4) On account of the rejection of legal votes.
“(5) Offers to bribe, bribery, intimidation or other malconduct calculated to prevent a fair, free and full exercise of the elective franchise.”
However, the annulment of an election is limited by § 17-15-2:
*1335 “No malconduct, fraud or corruption on the part of the inspector, clerk, marker, returning officer, board of supervisors or other person, nor any offers to bribe, bribery, intimidation or other mal-conduct which prevented a fair, free and full exercise of the elective franchise can annul or set aside any election unless thereby the person declared elected and whose election is contested is shown not to have received the highest number of legal votes, nor must any election contested under the provisions of this title be annulled or set aside because of illegal votes given to the person whose election is contested, unless it appears that the number of illegal votes given to such person, if taken from him, would reduce the number of votes given to him below the number of legal votes given to some other person for the same office. No election shall be annulled or set aside because of the rejection of legal votes unless it appears that such legal votes, if given to the person intended, would increase the number of his legal votes to or above the number of legal votes received by any other person for the same office.”
This Court has held under a similar statute pertaining to municipal elections that the annulment of an election requires either (1) proof of illegal votes; (2) proof of rejected legal votes; or (3) proof of the failure of the contestee to receive the requisite number of legal votes. Blocker v. City of Roosevelt City, 549 So.2d 90, 92 (Ala.1989). This Court in Blocker went on to state:
“[Ejrrors and irregularities of election officers that are shown not to have affected the election result will not be considered in an election contest. Turner v. Cooper, 347 So.2d 1339, 1344 (Ala.1977); 29 C.J.S. Elections § 249 (1966). Threats, violence, or disturbances not materially affecting the result should not invalidate an election.”

Id.

Therefore, we note that in an election contest, a complaint must state that the election was improper for one of the stated grounds and that the election result would have been different but for the alleged grounds for contest.
The plaintiffs’ complaint failed to state that the election would have been different but for the alleged irregularities. The trial court’s dismissal of the plaintiff’s election contest is affirmed.
1901480, AFFIRMED.
1901481, AFFIRMED.
HORNSBY, C.J., and SHORES, ADAMS, HOUSTON and KENNEDY, JJ., concur.
MADDOX, J., concurs in the result.