HOUSTON, Justice.
The defendant, Sonny Dawson, appeals from a judgment dissolving a corporation and dividing its assets between the stockholders. We affirm.
The sole issue presented on this appeal is whether the trial court, after conducting an ore terms hearing, clearly erred in its division of the assets of Sonny Dawson Auto Sales, Inc., to Dawson and Akins, each of whom owned 50% of the stock in the corporation. The trial court’s judgment reads, in pertinent part:
“This dispute involves a corporation that sells used cars. The defendant has been in this business for over fifteen years. In 1981, the plaintiff [Harold L. Akins] began some joint ventures with the defendant wherein he advanced money for the purchase of cars for resale at the defendant’s lot. After each sale, the plaintiff was repaid his purchase money plus preparation expenses and then the parties split the profit. The parties continued this practice until May of 1982, when the plaintiff invested $35,000.00 into the business and the parties ran the lot as partners. Though they had some disputes, their partnership continued until May 1990, when the business was incorporated. It was hoped that the incorporation would resolve some of the conflicts, but it did not, and the parties ceased to operate the lot together at the end of August 1990, when the plaintiff took virtually all the inventory, i.e., automobiles, from the business. Since that time he has sold these automobiles at another lot he is operating and has not paid the defendant anything from these sales. Also, the defendant has made collections on accounts receivable in the amount of $77,000.00 from August 1990, until the date of trial and has not paid any of this to the plaintiff. The defendant continues to operate his business at the same location.
“While there has been much dispute over the ownership of inventory, accounts receivable and other items, the Court finds from the evidence that all such items were assets of the corporation and that, as of August 81, 1990, these assets were:
“1.) $ 30,000.00 — inventory, automobiles
“2.) $160,000.00 — accounts receivable
“3.) $ 10,000.00 — building, equipment, supplies
$200,000.00
“Therefore, on dissolution, each [stockholder’s] equity is $100,000.00. The plaintiff has received $30,000.00 of his equity by taking the inventory. The defendant retained the building, equipment *1365 and supplies. Therefore, the defendant is directed that he shall pay to the plaintiff $28,500.00 of the accounts receivable collections made from dissolution to date of trial. After that payment, the defendant shall pay one-half of all remaining collections on corporate accounts receivable and the plaintiff shall make certificates of title available for delivery to debtors of the corporation when the accounts are paid out and such liens are due to be released.”
It is well established that when a trial court has heard ore tenus evidence, as in this case, its judgment based on that evidence is presumed to be correct and will be reversed only if, after considering the evidence and all reasonable inferences to be drawn therefrom, this Court finds it to be clearly erroneous. Robinson v. Hamilton, 496 So.2d 8 (Ala.1986). After carefully reviewing the transcript of the trial, we decline to second-guess the trial court. We simply cannot hold that the trial court, faced with the unenviable task of valuating the corporation’s assets, based on the testimony given, clearly erred in its effort to wind up the affairs of the corporation. The judgment is, therefore, affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.