HOUSTON, Justice.
We granted this petition to determine whether “all” of Heron Bay was a natural oyster reef and thereby protected from private leasehold.
The plaintiffs, South Alabama Seafood Association, its president, and two members of the Association, sought injunctive relief against the Alabama Department of Conservation and Natural Resources (Marine Resources Division); the director of the Division; the commissioner of the Department; Oliver F. Kuppersmith; and Lindon C. Johnson. The plaintiffs sought to enjoin the Department and its agents from enforcing the leasehold rights of defendants Kuppersmith and Johnson, who claimed a private lease of certain oyster bottoms in the northeast area of Heron Bay. The plaintiffs claimed that the areas subject to the lease were “natural oyster reefs” entitled to protection under Ala.Code 1975, § 9-12-21, and were therefore not subject to private lease. The defendants Kuppersmith and Johnson claimed that the areas subject to the lease contain only man-made oyster reefs and that the lease of those areas between private individuals is not prohibited by law; rather, say defendants Kuppersmith and Johnson, pursuant to § 9-12-22, they were entitled to an exclusive lease of those areas up to a distance of 600 yards from shore. Kuppersmith and Johnson counterclaimed and cross-claimed, seeking a judgment declaring that the areas in question were appropriately the subject of a. private lease and did not contain “natural oyster reefs,” as defined in § 9-12-21. The Department took the position that only a small portion of the 406 acres leased from defendant Kuppersmith by defendant Johnson contained a natural oyster reef as defined by the statute. This area is known as Heron Bay Reef “A.”
After hearing ore terms evidence, the trial court entered a final order, holding that all of Heron Bay (including the area subject to the lease agreement between defendants Johnson and Kuppersmith) was a “natural oyster reef’ and enjoining the Department from preventing public access to that area. Defendants Kuppersmith and Johnson appealed; the Department did not join in the appeal. The Court of Civil Appeals affirmed the trial court’s holding that defendants Kup-persmith and Johnson were not entitled to enforce their lease, but reversed the trial court’s factual finding that all of Heron Bay was a natural oyster reef and that that area was thereby protected from private leasehold. 627 So.2d 401.
When a trial court has heard evidence and makes findings of facts based on that evidence, as in this case, we presume its judgment based on those findings is correct, and it will be reversed only if it is found to be plainly and palpably wrong after considering all of the evidence and after making all inferences that can logically be made from that evidence. See King v. Traveler’s Ins. Co., 513 So.2d 1023 (Ala.1987); Robinson v. Hamilton, 496 So.2d 8 (Ala.1986).
After hearing oral arguments and after thoroughly reviewing the record, we conclude that the trial court was not plainly and palpably wrong in finding that all of Heron Bay was a natural oyster reef and thereby protected from private leasehold. To the extent that the Court of Civil Appeals reversed the judgment of the trial court, the judgment of the Court of Civil Appeals is reversed; otherwise the judgment is affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ALMON, SHORES, ADAMS, STEAGALL and INGRAM, JJ., concur.