BRYAN, Judge,
dissenting.
I respectfully dissent. Grove Hill Homeowners’ Association, Inc. (“the Association”), sought a permanent injunction enjoining William Rice and Laura Rice from maintaining a driveway in violation of restrictive covenants. In our opinion in the first appeal in this case, this court recited the standard for issuing a permanent injunction:
“ ‘To be entitled to a permanent injunction, a plaintiff must demonstrate success on the merits, a substantial threat of irreparable injury if the injunction is not granted, that the threatened injury to the plaintiff outweighs the harm the injunction may cause the defendant, and that granting the injunction will not disserve the public interest.’
“TFT, Inc. v. Warning Sys., Inc., 751 So.2d 1238, 1242 (Ala.1999), overruled on other grounds, Holiday Isle, LLC v. Adkins, 12 So.3d 1173 (Ala.2008).”
Grove Hill Homeowners’ Ass’n v. Rice, 43 So.3d 609, 613 (Ala.Civ.App.2010) (“Grove Hill ”). In Grove Hill, this court concluded that the Association had established the first element of the permanent-injunction standard, ie., success on the merits. 43 So.3d at 615. We reversed the trial court’s judgment and remanded the case for the trial court to consider whether the Association had established the remaining three elements of the permanent-injunction standard.
In its judgment on remand, the trial court observed that the third element of the permanent-injunction standard outlined above “essentially matches” the relative-hardship test discussed in Lange v. Scofield, 567 So.2d 1299 (Ala.1990). The trial court then determined that enforcing the restrictive covenants against the Rices would harm them substantially more than it would benefit the Association and, consequently, denied the injunction. In reversing the trial court’s judgment, the main opinion concludes that the Rices cannot invoke the relative-hardship test because the Rices had constructive notice of the restrictive covenants before a violation of the covenants occurred. However, the relative-hardship test is very similar to the third element of the permanent-injunction standard that this court in Grove Hill instructed the trial court to apply. Thus, I do not think that the trial court erred in balancing the harms or hardships in determining whether to enforce the restrictive covenants.
Essentially, the main opinion concludes that the clean-hands doctrine precludes the application of the relative-hardship test when a party seeking relief from a restrictive covenant had knowledge of the covenant before violating it. I would not apply *742 the clean-hands doctrine to establish a bright-line rule precluding the application of the relative-hardship test in cases such as this one. The clean-hands doctrine “ ‘finds expression in specific acts of willful misconduct’ ” that are “ ‘morally reprehensible as to known facts.’ ” Retail Developers of Alabama, LLC v. East Gadsden Golf Club, Inc., 985 So.2d 924, 932 (Ala.2007) (quoting Sterling Oil of Oklahoma, Inc. v. Pack, 291 Ala. 727, 746, 287 So.2d 847, 864 (1973)). The Rices’ conduct does not rise to the level of morally reprehensible, willful misconduct. I would hold that a trial court should consider a party’s knowledge of a restrictive covenant as a factor in applying the relative-hardship test rather than holding that such knowledge precludes the application of the test. See Harksen v. Peska, 581 N.W.2d 170, 176 (S.D.1998) (stating that whether a party “knew that he was violating the covenant” was one factor to consider in applying the relative-hardship test and concluding that it would be inequitable to require a property owner who built a cabin in violation of restrictive covenants to remove the cabin although he knew he was violating the covenants).
In concluding that the relative-hardship test does not apply, the main opinion relies in part on Maxwell v. Boyd, 66 So.3d 257 (Ala.Civ.App.2010). However, the facts in Maxwell are distinguishable from the facts in this case. In Maxwell, the Boyds, homeowners seeking to avoid the enforcement of a restrictive covenant, built a garage that clearly violated the restrictive covenant. The Boyds did not contend that the garage complied with the restrictive covenant or that the restrictive covenant was “of doubtful meaning or ambiguous.” 66 So.3d at 261. While building the garage, the Boyds were warned numerous times that the structure would not comply with the restrictive covenant, but they built the garage regardless.
Conversely, in this case, the parties hotly disputed whether the Rices’ driveway actually violated the restrictive covenants and whether the covenants contained a latent ambiguity. The question whether the Rices’ driveway conformed to the restrictive covenants is not as clear-cut as the question regarding conformity in Maxwell. As we noted in Grove Hill, the trial court determined that the restrictive covenants contained a latent ambiguity and that the Rices’ driveway conformed to the covenants. 43 So.3d at 613, 615. Although this court reversed the trial court’s judgment in Grove Hill, the fact that the trial court initially ruled that the Rices had not violated the restrictive covenants suggests that the Rices did not act reprehensibly in constructing their driveway. Further, unlike the situation in Maxwell, the Rices were not repeatedly warned against constructing their driveway.
In concluding that the relative-hardship test should be applied in favor of the Rices, the trial court implicitly rejected the Association’s unclean-hands argument. “ ‘[Wjhere a trial court does not make specific findings of fact concerning an issue, [an appellate court] will assume that the trial court made those findings necessary to support its judgment, unless such findings are clearly erroneous.’” Woodland Grove Baptist Church v. Woodland Grove Cmty. Cemetery Ass’n, 947 So.2d 1031, 1039 (Ala.2006) (quoting Sundance Marina, Inc. v. Reach, 567 So.2d 1322, 1324 (Ala.1990)). “The application of the clean hands doctrine is a matter within the sound discretion of the trial court.” J & M Bail Bonding Co. v. Hayes, 748 So.2d 198, 199 (Ala.1999). Given the facts of this case, the trial court did not err in rejecting the Association’s argument that the Rices’ have unclean hands. The Rices’ actions do not rise to the level of invoking the clean-hands doctrine, and the trial court correctly determined that enforcing the restric *743 tive covenants against the Rices would harm them substantially more than it would benefit the Association. Thus, I would affirm the trial court’s judgment applying the relative-hardship test in favor of the Rices.
THOMPSON, P.J., concurs.